## CHARLES K. FARR *v.* ANN FARR.

1. CHANCERY: PLEADING: CERTAINTY IN CHARGING ADULTERY.—In a bill seeking a divorce upon the ground of adultery committed by the defendant, the offence must be charged with reasonable certainty in reference to the particular time and place of its commission: a bill, therefore, which charges " that the defendant at various times and on various occasions since the marriage committed adultery with a servant-girl of complainant and other females," is demurrable for vagueness and uncertainty.

2. SAME.—When reasonable certainty in the pleadings can be otherwise attained, it is unnecessary in a bill for divorce, upon the ground of the adultery of the defendant, to charge the name of the person with whom the offence is supposed to have been committed: and this rule, as it preserves the record from unnecessary scandal, and suppresses the names of persons not parties to the controversy, and who are without opportunity of defending themselves, is favored by the courts.

APPEAL from the Chancery Court of Hinds county. Hon. John Watts, chancellor.

The bill in this case was filed by the appellee in August, A.D. 1855, against the appellant, seeking a divorce *a vinculo*, upon the

ground that the defendant had been guilty of adultery, and also asking for a decree for certain property alleged to belong to complainant.

The bill, so far as it relates to the question of adultery, is as follows: "That the said Charles K. Farr, at various times and upon various occasions since his marriage with complainant, has proven unfaithful to his marriage vow: in this, that the said Charles K. Farr has been guilty of adultery with a servant-woman of complainant, and with other females, in utter disregard of his duties as husband," &c.

It appears from the bill that the marriage took place on the 11th day of March, 1847.

The defendant demurred to the bill, upon the grounds: 1. That the time of the commission of the alleged adultery is not stated; and 2. That the person with whom the adultery was committed is not stated. ·

This demurrer was overruled, and the defendant answered. Proof was taken on both sides, and on final hearing, the chancellor granted the complainant a divorce as prayed for. From this decree the defendant appealed.

*F. Anderson,* for appellant.·

This was a bill for divorce, filed in the Circuit Court of Hinds county: The ground alleged was adultery. The appellant (defendant in the court below) demurred to the bill, and assigned, amongst other causes of demurrer: 1. That no particular time was specified when the alleged adultery was committed; and 2. That the alleged adultery was not charged to have taken place with any particular person.

The only allegation of the bill on this point is as follows: "That at various times, and on various occasions, since the marriage, he (Farr) has proven unfaithful in this, that he has been guilty of frequent acts of adultery and fornication with a servant-woman of your oratrix, and with other females, in utter disregard," &c.

This point is settled by authority of numerous decided cases. In *Wood* v. *Wood,* 2 Paige R. 113, it was held that "the charge of adultery, whether by way of crimination or recrimination, should be made with certainty as to time and place, and also the name

of the person with whom committed, if known, and if the name of the *particeps criminis* is not known, this fact should be stated by way of excuse." See also 6 John. Ch. 347; *Germond* v. *Germond*, 1 Paige R. 83.

" A decree for divorce cannot be granted upon a bill charging adultery generally, without stating time, place, or circumstances, though the persons with whom it was committed are unknown." 2 U. S. Eq. Dig. 43, § 880; *Kane* v. *Kane*, 3 Edw. Ch. 389; *Dobbs* v. *Dobbs*, 3 Edw. Ch. 377.

A general charge, without setting out time, place, and circumstances, is not sufficient. *Clutch* v. *Clutch*, Saxton R. 474; 2 U. S. Eq. Dig. 44, § 892.

In a libel for divorce, on the ground of adultery, the allegations must be so certain and definite, that the attorney-general may have the means of prosecuting the offenders. The *particeps criminis* must be named, or there must be an averment that he or she is unknown. *Church* v. *Church*, 3 Mass. R. 157; *Choate* v. *Choate*, Ib. 391.

In *Morrell* v. *Morrell*, 1 Barbour, N. Y. R. 318, it was held that where, upon an adultery charged against her, the wife set up as a defence, adultery on the part of her husband, she must state the name of the person with whom committed, if known, and if not, it must be alleged to be unknown. She must also state, with reasonable certainty, the time and place of committing the act. 2 U. S. An. Dig. No. 8, 219, § 131.

The same is the rule in Ohio. See *Richards* v. *Richards*, Wright's R. 302; *Bird* v. *Bird*, Ib. 98; *Mousfield* v. *Mousfield*, Ib. 284; 5 U. S. Dig. 137, §§ 453, 454.

In a petition for divorce, the petitioner should set forth the name of the *particeps criminis* in the adultery, and the time and place of the offence. 25 Verm. (2 Deane) 713; 14 U. S. Dig. 355, § 259.

The same rule prevails in Alabama. *Holston* v. *Holston*, 23 Ala. 777; 14 U. S. Dig. 355, § 269.

On general principles, it cannot be controverted that this is the correct rule. It is the rule in the English ecclesiastical courts, in proceedings for adultery; and it is the rule under indictments for adultery in the American courts. Common justice, and the ordinary and well-recognized principles of pleading require, that a party

against whom such a charge is made, should be notified with reasonable certainty at least, of the charge against him, so that he may be prepared for his defence.

I have found no case where a different rule has been held. Counsel for appellee has cited no case here, nor did he do so in the court below; and I presume he can cite none to the contrary.

It was, therefore, clearly erroneous for the court to overrule the demurrer on these grounds, and the court will reverse the judgment, sustain the demurrer, and dismiss the bill.

The charge in the bill, that the adultery was committed with a servant-woman of complainant, was clearly insufficient; for the bill and proof show that she had many servant-women, and the authorities are that the *particeps criminis* must be named.

*Johnson* and *Shelton*, for appellee.

FISHER, J., delivered the opinion of the court.

This was a bill filed by the appellee on the chancery side of the Circuit Court of Hinds county, for a divorce from the bonds of matrimony, on the ground of adultery, alleged to have been committed by her husband, the appellant. The first error assigned relates to the action of the court below in overruling the appellant's demurrer to the bill; and as this error, if it shall appear to have been well assigned, will be decisive of the case, it will be first considered. The bill appears to have been filed on the 27th day of August, 1855. The marriage is alleged to have been solemnized on the 11th day of March, 1847. The bill then proceeds to charge that at various times and upon various occasions since the marriage, the defendant has proven unfaithful to his marriage vow, in this: that he has been guilty of repeated acts of adultery with a servant-woman of the complainant, and with other females. It is objected that this allegation is too vague and uncertain to entitle the complainant to maintain her bill, inasmuch as it would be next to impossible for the defendant, by reasonable diligence, to prepare himself to meet such an allegation.

The rule appears now to be well settled in this class of cases, that the charge must be made with reference to some particular time and place, that the defendant may be able not only to antici-

pate the proof which may be made against him, but that he may know to what particular time or place to direct his own proof. This allegation puts in issue the defendant's course of conduct during the whole time of the matrimonial connection, a period of more than eight years, and it is not to be presumed that he could, by the use of reasonable diligence, prepare to meet proof that might be made against him by witnesses having this latitude. The rule that certainty to a common intent must exist in pleadings, applies as well to pleadings in equity as at law, the reason in both instances being the same,—to inform the adverse party with sufficient precision of the charge made against him, and to enable the court to pronounce the proper judgment, if the truth of the pleading should be established. We are, therefore, of opinion that this bill is too vague and uncertain as to time and place and other circumstances to require an answer, and that the demurrer should have been sustained.

Again, it is said that the name of the person with whom the adultery is alleged to have been committed should have been set forth in the bill. Perhaps in many cases greater certainty would be promoted by observing this practice, but while the practice might in this instance have been followed, and the name of the servant given, there are, nevertheless, good reasons why, in most cases, a different rule should prevail. Persons who are strangers to the controversy, and whose characters would suffer more or less, should not be implicated when they have no opportunity to be heard, unless reasonable certainty in the pleading could not be otherwise attained. As a general rule, it will be sufficient to set forth the time, place, and particular circumstances of the defendant's guilt, without introducing private scandal, which might subject the party pleading to an action for damages, in consequence of the injury thus done to the character of a third party. Reasonable certainty is all that is required, and the court will favor a rule which can attain this end, and at the same time preserve its records from unnecessary scandal.

We, therefore, think that this cause of demurrer is not well assigned. The court, however, having erred as to the first cause of demurrer, the decree must be reversed.

Decree reversed, demurrer sustained, and bill dismissed.