## MATTIE L. MATHERS, Appellant and Respondent, v. ALEX MATHERS, Respondent and Appellant.

[232 Pac. 573.]

DIVORCE—FINAL JUDGMENT—APPEAL FROM ORDER DENYING MOTION FOR MODIFICATION OF JUDGMENT—APPLICATION IN SUPREME COURT FOR SUIT MONEY—ALIMONY AND ATTORNEY FEES PENDING APPEAL —STATUTORY LIMITATION.

1. Where a judgment of divorce became final before motion for modification thereof was made by plaintiff in the district court, an application by plaintiff in this court for allowance of suit money, temporary alimony and attorney fees to enable her to prosecute her appeal from the order denying the motion comes too late under the provisions of C. S., sec. 4642, which limits the granting of such relief to the time "while an action for divorce is pending."

2. Sec. 9, art. 5, of the constitution of this state, authorizes such allowances by this court to a wife prosecuting an appeal in a divorce action, but only pending an appeal from the judgment of divorce.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. George W. Edgington, Judge.

Application for modification of divorce decree. Application denied. *Affirmed.*

H. B. Thompson, for Appellant.

A decree of divorce, in an action in which permanent alimony is in issue, or is prayed for in the complaint, is final, and if not appealed from is a conclusive bar as against the party claiming the same. (*Chapman v. Parsons*, 66 W. Va. 307, 135 Am. St. 1033, 19 Ann. Cas. 453, 66 S. E.

Publisher's Note.

1. Allowance of counsel fees by appellate court in divorce case, see notes in 3 Ann. Cas. 51; 6 Ann. Cas. 683; 15 Ann. Cas. 229; Ann. Cas. 1915B, 1249.

461, 24 L. R. A., N. S., 1015; *Howell v. Howell,* 104 Cal. 45, 43 Am. St. 70, 37 Pac. 770; *O'Brien v. O'Brien,* 124 Cal. 422, 57 Pac. 225; *White v. White,* 130 Cal. 597, 80 Am. St. 150, 62 Pac. 1062; *McCaleb v. McCaleb,* 177 Cal. 147, 169 Pac. 1023.)

After a final decree of divorce, without alimony, the court is without jurisdiction to award attorney's fees. (*Nelson v. Nelson,* 146 Ark. 362, 225 S. W. 619; *Hayton v. Hayton,* 122 Wash. 594, 211 Pac. 745.)

Peterson & Coffin, for Respondent and Petitioner, cite no authorities in point on questions decided.

DUNN, J.—The petitioner was granted a decree of divorce for the offense of defendant. She prayed for alimony, but the decree, without expressly denying alimony, allowed her only a share of the community property.

After the decree defendant went through voluntary bankruptcy and ultimately all the community property awarded to petitioner was taken from her and applied in discharge of the debts of defendant.

After losing the property awarded to her the petitioner applied to the district court for a modification of the decree by allowing her permanent alimony. On the hearing of her motion for modification of the judgment the court entered an order denying it, from which the petitioner appealed. She then moved the district court for allowance of suit money, alimony and attorney's fees for the prosecution of her appeal, which the court allowed. From the order making these allowances defendant appealed.

Petitioner now comes to this court for allowance of suit money, temporary alimony and attorney's fees to enable her to prosecute the appeal taken by her and to defend the appeal taken by defendant.

No appeal was taken by either party from the decree of divorce, and it had become final before application was made to the district court for modification.

C. S., sec. 4642, is the only statutory authority that the courts of this state have for making such allowances as are asked for here. That section reads as follows: "While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action."

But here no action is pending. The judgment became final before the proceedings for modification were started in the district court. Petitioner is not the wife of defendant and has not been his wife since the judgment became final. This situation renders inapplicable the authorities cited in petitioner's brief. In those cases the judgments had not become final and therefore the relation of husband and wife still existed. After diligent search we have been unable to find any authorities to sustain the application of petitioner.

Sec. 9 of art. 5 of the state constitution has been construed by this court to authorize such allowances by this court to a wife prosecuting an appeal in a divorce action in this court, but only on an appeal from the judgment.

The application is denied.

McCarthy, C. J., and William A. Lee and Wm. E. Lee, JJ., concur.