Points Decided.

(July 30, 1926.)

MATTIE L. MATHERS, Appellant, v. ALEX MATHERS, Respondent; and MATTIE L. MATHERS, Respondent, v. ALEX MATHERS, Appellant.

[248 Pac. 468.]

DIVORCE—RES ADJUDICATA—APPEAL AND ERROR.

1. Under C. S., sec. 7229, trial court is without jurisdiction to reopen decree of divorce after time to modify or amend has expired under sec. 6726, as amended by Laws 1921, chap. 235.

2. Appellate court's decision on application for suit money and temporary alimony pending appeal in divorce action is determinative on such point as to subsequent appeal from trial courts' order therein.

3. Decision by appellate court on previous appeal, on point distinctly made and essential to its determination, is final adjudication as to subsequent proceedings.

4. Bank's claim to note held by it as collateral for debt of husband cannot be determined on wife's appeal from order dismissing petition for division of community property under divorce decree.

5. Trial court is without jurisdiction of wife's petition to amend divorce decree to protect her in division of community property, filed after divorce decree has become final.

6. Counsel having invited court to do some act not conforming to usual method of procedure will not be heard to complain thereof.

7. Counsel having, with permission of court and consent of opposing counsel, orally moved for alimony, temporary suit money, and attorney fees, cannot object on ground that transcript does not contain such motion as required by Rule 24.

8. Simultaneous filing of undertaking and notice of appeal is sufficient compliance with C. S., sec. 7153, particularly where clerk's certificate shows undertaking was filed after notice of appeal.

Publisher's Note.

1. See 9 R. C. L. 439.
3. See 2 R. C. L. 223.
6. See 2 R. C. L. 238.

APPEALS from District Court of the Fifth Judicial District, for Bannock County. Hon. Geo. W. Edgington, Judge.

Plaintiff Mattie L. Mathers appeals from order denying her petition to modify decree of divorce from defendant Alex Mathers. *Affirmed.* Motion to dismiss appeal of defendant Alex Mathers from order allowing alimony, suit money and attorney fees *pendente lite denied,* and order allowing same *reversed.*

Peterson & Coffin, for Plaintiff.

The method of perfecting an appeal in Idaho requires the taking of certain steps in a certain order: First, service of notice of appeal; second, within five days thereafter the filing of an undertaking on appeal. Unless this order is followed the appeal is subject to dismissal. (*Shissler v. Crooks,* 1 Ida. 369; *People v. Hunt,* 1 Ida. 371; *Clark v. Loewenberg,* 1 Ida. 654; *Wilson v. Bartlett,* 7 Ida. 269, 62 Pac. 415.)

The court has authority, under C. S., sec. 4644, after a divorce decree has become final, to modify its order with respect to any allowance made therein to the unoffending wife.

H. B. Thompson, for Defendant.

A decree of divorce, in an action in which permanent alimony is in issue, or is prayed for in the complaint, is final, and if not appealed from is a conclusive bar as against the party claiming the same. (*Chapman v. Parsons,* 66 W. Va. 307, 135 Am. St. 1033, 19 Ann. Cas. 453, 66 S. E. 461, 24 L. R. A., N. S., 1015; *Howell v. Howell,* 104 Cal.

See Appeal and Error, 3 C. J., sec. 1256, p. 1185, n. 22; 4 C. J., sec. 2606, p. 700, n. 39; sec. 3077, p. 1093, n. 77.

Divorce, 19 C. J., sec. 425, p. 171, n. 88; sec. 474, p. 192, n. 13; sec. 767, p. 330, n. 77; sec. 785, p. 339, n. 50.

Opinion of the Court—William A. Lee, C. J.

45, 43 Am. St. 70, 37 Pac. 770; *O'Brien v. O'Brien*, 124 Cal. 422, 57 Pac. 225; *White v. White*, 130 Cal. 597, 62 Pac. 1062; *McCaleb v. McCaleb*, 177 Cal. 147, 169 Pac. 1023.)

After a final decree of divorce has been entered, in which alimony has not been granted, the court has no jurisdiction to grant alimony, as C. S., secs. 4642 and 4644, only authorize the court to grant alimony "while an action for divorce is pending" and to "modify its orders in these respects." (*Howell v. Howell, supra; Mathers v. Mathers*, 40 Ida. 189, 232 Pac. 573.)

A decree of divorce unappealed from becomes final and not subject to modification at the expiration of six months from the date of the decree. (C. S., sec. 6726, as amended by chap. 235, pp. 526, 527, Laws of 1921; *Mathers v. Mathers, supra.*)

WILLIAM A. LEE, C. J.—On January 4, 1922, Mattie L. Mathers filed an amended complaint in the district court of Bannock county, Idaho, against Alex Mathers, her husband, alleging the first statutory ground for · divorce, and prayed for judgment dissolving the bonds of matrimony; that she be awarded temporary alimony, suit money and attorney fees *pendente lite*, and that upon the final determination of the cause, the court award her permanent alimony and make a division of the community property. February 12, 1923, a decree of divorce was granted plaintiff for the offense of defendant. This decree did not award plaintiff alimony, but allowed her only a share in the community property, including a certain $9,000 promissory note executed by Frank H. Paradice, Jr., to defendant Alex Mathers.

After the decree defendant filed a voluntary petition in bankruptcy and ultimately all the community property awarded plaintiff was taken from her and applied in discharge of the debts of defendant, except the note in question, which was then held by the Citizens Bank & Trust Company of Pocatello as collateral security for an indebted-

ness owed the bank by Alex Mathers, and which the bank refused to deliver to the sheriff of Bannock county, under process in the nature of execution, issued to enforce the decree in the divorce action.

On December 26, 1923, Mattie L. Mathers filed an amended petition wherein she represented to the court that she had been deprived of the property decreed to her, except the note in question, by reason of the bankruptcy proceedings, and that she had been unsuccessful in reducing to her possession said note, and prayed that an order be directed against defendant Alex Mathers requiring him to appear and show cause why the decree should not be amended to protect her in the division of the community property and alimony decreed to her. To this amended petition defendant Alex Mathers filed a demurrer, objecting that the court was without jurisdiction to modify the decree for the following reasons: (1) That the decree was final and could be amended only to correct clerical errors, and that plaintiff is seeking to obtain a modification of said decree as originally entered; that by the provisions of C. S., sec. 6726, as amended, Sess. Laws 1921, c. 235, p. 526, the time in which the court has jurisdiction to modify or amend the judgment expired within six months from the date of its entry, which was July 3, 1923; (2) that upon signing the decree of divorce between plaintiff and defendant and making a division of the community property, the jurisdiction of the court over the cause ceased and terminated; (3) that that portion of the decree upon which plaintiff's petition is based did not purport to retain jurisdiction over the cause except " 'to protect both of the parties hereto in the division of community property hereby made and for the purpose of making such rights effective for the purpose of this decree,' " and on the face of the petition it appears there was no community property of the parties remaining over which the court had jurisdiction.

On January 3, 1924, the court entered an order denying that portion of plaintiff's petition to reopen the decree

affecting the payment of alimony, on the ground that the court was without jurisdiction to reopen, amend or modify the decree so as to require defendant Alex Mathers to pay alimony to plaintiff Mattie L. Mathers. On January 4, 1924, the court entered an order denying the petition as a whole, particularly with reference to the property division between the parties and the $9,000 note in question, and sustained defendant Alex Mather's demurrer thereto.

From these orders Mattie L. Mathers has appealed to this court.

After the denial of this petition, counsel for plaintiff moved the court for an allowance for suit money and attorney fees pending appeal to the supreme court from the orders denying the petition, such motion having been submitted in open court at that time. On February 5, 1924, the court entered an order directing the payment of temporary alimony, suit money and attorney fees pending appeal.

From this last-mentioned order, Alex Mathers perfected an appeal to this court, and thereby stayed the enforcement of the order of February 5, 1924. Thereupon, Mattie L. Mathers filed an original application in this court praying for an allowance of attorney fees, suit money and temporary alimony pending the determination of the appeals heretofore mentioned. In *Mathers v. Mathers*, 40 Ida. 189, 232 Pac. 573, the application was denied.

Two appeals are therefore presented to this court; one, the appeal of Mattie L. Mathers seeking a modification of the original decree of divorce, and the other, the appeal of Alex Mathers from the order of the court below allowing Mattie L. Mathers suit money, attorney fees and temporary alimony.

On March 27, 1926, Mattie L. Mathers filed a motion to dismiss the appeal of Alex Mathers upon certain grounds set forth therein. This motion was followed by a motion suggesting diminution of the record, filed by Alex Mathers, March 30, 1926, in order to meet the objections to the record upon which the motion to dismiss was based.

Appellant Mattie L. Mathers makes two assignments of error: (1) The court erred in its order of January 3, 1924, denying the motion of plaintiff to modify its decree with respect to alimony; (2) the court erred in its order of January 4, 1924, denying the petition and motion and in sustaining the demurrer thereto. These assignments will be considered in the order stated.

I. The court, in its order of January 3, 1924, said:

" . . . . Alex Mathers, having appeared specially and filed his objection to the motion and petition for alimony on the ground that the court is without jurisdiction to reopen, amend or modify said decree so as to require the said defendant, Alex Mathers, to pay alimony. . . . . It is Ordered that that part of plaintiff's motion to re-open said decree for the purpose of requiring the defendant, Alex Mathers, to pay plaintiff alimony be and the same is hereby denied."

[1] This assignment raises the question: Did the court err in denying the petition of Mattie L. Mathers on the ground that it was without jurisdiction to reopen the decree for the purpose of requiring defendant Alex Mathers to pay alimony to plaintiff?

The record discloses that the decree of divorce was filed February 12, 1923. Application for modification was first made to the district court by petition filed November 10, 1923, which was followed by the amended petition of December 26, 1923. No appeal had been taken by either party from the decree and it had become final before application was made to the district court for modification. (C. S., sec. 7229.) In the instant case, application for modification of the original decree was not made until approximately nine months after the date of its rendition. No provision was made therein for alimony, but plaintiff Mattie L. Mathers, was decreed outright a definite share of the community property, and this decree reserved jurisdiction only "to protect both of the parties hereto in the division of the community property hereby made and for the purpose of making such division effective for the purpose of this decree."

[2] Upon the application of plaintiff to this court for suit money, temporary alimony and attorney fees pending appeal, in *Mathers v. Mathers, supra,* this court said:

"But here no action is pending. The judgment became final before the proceedings were started in the district court. Petitioner is not the wife of defendant and has not been his wife since the judgment became final. The situation renders inapplicable the authorities cited in petitioner's brief. In those cases the judgments had not become final and therefore the relation of husband and wife still existed. After diligent search we have been unable to find any authorities to sustain the application of petitioner."

[3] This court, in that proceeding, having decided that the decree in the divorce action could not be modified so as to allow plaintiff alimony in any form, such decision is binding upon this court. A decision by an appellate court upon a point distinctly made and essential to its determination, is, in all subsequent proceedings in the same case, a final adjudication. (*Hall v. Blackman,* 9 Ida. 555, 75 Pac. 608; *Ryan v. Rogers,* 14 Ida. 309, 94 Pac. 427; *Gerber v. Nampa & Meridian Irr. Dist.,* 19 Ida. 765, 116 Pac. 104; *Brinton v. Johnson,* 41 Ida. 583, 240 Pac. 859.)

*Howell v. Howell,* 104 Cal. 45, 43 Am. St. 70, 37 Pac. 770, construes secs. 137 and 139 of the California Civil Code, which are in effect the same as Idaho, C. S., secs. 4642 and 4644. In that case, plaintiff procured a divorce for the fault of the husband. There was nothing in the judgment about alimony, and it was never appealed from. Some fourteen months later plaintiff filed a petition praying for permanent alimony. Defendant demurred to the petition on the ground that the court was without jurisdiction to modify the decree. The demurrer was overruled, and subsequently, the court made an order granting to plaintiff the alimony so prayed for in her petition. From this order the defendant appealed. The supreme court held that the court below did not have jurisdiction to make the order appealed from; that a judgment in a divorce suit, settling the property rights of the parties, after the time for ap-

pealing therefrom has expired, is as final as any other kind of a judgment, except so far as the power to modify it is given by statutory provision, the court saying:

"Of course, when we speak of a 'final judgment,' we mean one which does not upon its face reserve jurisdiction (when that can be done) to make a supplemental decree, in which case it is not final. In the case at bar there was no such reservation. It was final in form and substance. And there is no statutory provision giving jurisdiction to make the order appealed from. Section 137, Civ. Code, provides that 'while an action for divorce is pending' the court may require the husband to pay, as alimony, money necessary to enable the wife to support herself and children, and prosecute or defend the action. Section 139 provides that, where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children, and make a suitable allowance for the support of the wife, and that 'the court may from time to time, modify its orders in these respects.' But the latter section clearly contemplates that the right to alimony, as well as other financial and property rights, shall have been presented and litigated in the action for divorce and established by the judgment; and the provision is that, where the right to alimony has been thus established, the amount may be changed by a modification of the order. But in the case at bar there was nothing to modify.' "

We conclude that the court did not have jurisdiction to modify its former decree with respect to alimony, there being no provision therein in regard to the same, and the order of the court of January 3, 1924, denying plaintiff's petition is affirmed.

II. Appellant, Mattie L. Mathers' second assignment of error is based upon the action of the court in making its order of January 4, 1924, denying plaintiff's petition, filed December 26, 1923, and sustaining defendant's demurrer thereto, with respect to the property division between the parties and particularly with reference to the $9,000 note in question.

[4] In her amended petition, Mattie L. Mathers alleged that the Citizens Bank & Trust Company of Pocatello claimed said note as collateral security for an obligation owing it from Alex Mathers, and that the claim thus made, "is a proper claim, and that the said note in question has actually been held and was actually held on February 12th, 1923, by the said Citizens Bank, now known as the Citizens Bank & Trust Company, as collateral security for indebtedness due to it by the said Alex Mathers in an amount greater than the face of said note, and that the said note cannot be reduced to the possession of the said Mattie L. Mathers in accordance with said decree." Defendant demurred to this petition on the ground, among others, that it appears from the face of the petition that there is no community property of defendant, or plaintiff and defendant "remaining or otherwise, over which the court had jurisdiction at the time of rendering its decree, or now has, to which the jurisdiction of this court may attach for the reason stated in the petition," and further, "to so modify or amend the decree as to make any other disposition than 'division of the community property' is beyond the jurisdiction which this court purported or assumed to retain."

The Citizens Bank & Trust Company of Pocatello holds this note under a claim of right, which right, plaintiff, in her petition, admits to be a proper claim, and that this note was so held at the time of the entry of the decree in the divorce action; that it had been deposited by defendant Alex Mathers for an indebtedness of his in excess of the amount of the note; hence, the subsequent award of this note to plaintiff by the decree could not divest the bank of its interest in said note. In any event, the bank was not a party to the divorce action and could not be bound by the decree, and hence, its claim of title or right to hold the note cannot be determined on this appeal, even if plaintiff had not admitted such title or claim of right to be good as against her. That this question is not before the court in this proceeding was decided in the ancillary contempt pro-

ceedings entitled *Green v. Edgington,* 37 Ida. 1, 217 Pac. 751.

[5] The record discloses that the judgment in the divorce action, entered February 12, 1923, gave her an absolute decree of divorce from the defendant Alex Mathers and also a share in the community property. Her petition of December 26, 1923, wherein she prayed that the decree should be amended to protect her in the division of this community property, being filed after the decree of divorce had become final, we correctly held, in *Mathers v. Mathers, supra,* that this court was without jurisdiction to grant alimony or attorney fees because such judgment was final. For the same reason we now hold that the order denying the petition, from which this appeal is taken, and sustaining the demurrer thereto, must be sustained.

Counsel for Mattie L. Mathers appear to concede that an affirmance of the order of January 4, 1924, which dismisses her application for a modification of the decree of divorce on the ground that it had become final before the application to modify the same was made, disposes of the appeal of Alex Mathers from the order of the court below allowing Mattie L. Mathers temporary alimony, suit money and attorney fees with which to appeal from such judgment of dismissal, for in their brief they say:

"Should this appeal be heard by the court upon its merits, it is thought by counsel for respondent that whether or not Judge Edgington had authority to make the order here complained of would depend upon the ruling of the court upon the companion appeal wherein Mattie L. Mathers is appellant. Should the court hold in the companion case that the decree is subject to the modification sought by Mattie L. Mathers, then clearly Judge Edgington had jurisdiction to enter the order with respect to attorney fees, suit money and alimony which he entered. If, on the other hand, the decision of this court in the companion appeal should be adverse to Mattie L. Mathers, then nothing additional would be left to be urged in this case."

It is thought advisable, however, to dispose of the motion to dismiss upon its merits. It is predicated upon three principal grounds: (1) That the record fails to contain the certificate required by Rule 24; (2) if that ground is denied, then upon the ground that the certificate is contradicted by the record, which shows, upon its face, that the motion, upon which the order was made and from which defendant's appeal is taken, is not in the record; (3) upon the ground that the appeal is not properly perfected under C. S., sec. 7153, because the record fails to show that any undertaking on appeal whatever was filed after the notice of appeal was served.

[6, 7] The clerk's certificate, as found in the record, is a sufficient compliance with Rule 24. However, it appears from the order of the trial judge allowing temporary alimony, suit money and attorney fees, from which order defendant Alex Mathers appeals, that counsel for Mattie L. Mathers made their motion orally. This order recites: "It was agreed in open court at said time, between attorneys for the plaintiff and attorneys for defendant, *as shown by the record herein,* that said motion was to be considered as having been submitted at said time." This statement is not strictly accurate for upon an application suggesting diminution of the record it is certified by the judge that the entire proceedings relating to this application took place in open court and the motion of counsel for Mattie L. Mathers was, by agreement of all parties, immediately considered and the entire proceeding was taken by the reporter. Subsequently, this order, which has been appealed from, was made, and the facts and circumstances pertaining to the manner of making the motion, its being taken under consideration, and its subsequent allowance is recited in the order. Where counsel, in open court, orally move for alimony *pendente lite,* temporary suit money and attorney fees, with the consent of adverse counsel, and the court takes such application under advisement and subsequently grants the application, and recites therein the facts and circumstances under which the application was made, they

will not be allowed thereafter to impeach the integrity of the order or the fact that it was made on the grounds that a written motion cannot be found in the record. It is a correct rule of procedure that where counsel invite a court to do some act that might not conform to the usual method of procedure, he will not be heard to complain of the same. Counsel, with the permission of the court and with the consent of the opposing party, having been allowed to make an oral motion, his contention that the transcript does not contain such motion, is without merit and frivolous.

[8] The third ground for the dismissal of the appeal is equally untenable. It is predicated upon the fact that the record shows that the undertaking on appeal was filed five minutes before the notice of appeal. C. S., sec. 7153, provides:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney. The order of service is immaterial, but the appeal is ineffectual for any purpose unless within five days after the service of the notice of appeal, an undertaking be filed . . . . "

It is not controverted that the filing of the undertaking and the notice of appeal were, under plaintiff's own showing, simultaneous acts. At most, it is only claimed that there was an interval of five minutes, it being claimed that the filing-marks on the instruments show that the notice of appeal was filed at 2:48 P. M., and the undertaking on appeal at 2:43 P. M., February 25, 1924. The contention that this was such a failure to comply with this section of the statute as will defeat an appeal will not be seriously considered. But the certificate of the clerk, as appears from the showing of Alex Mathers suggesting diminution of the record, shows that the filing of the undertaking on appeal did, in fact, follow the notice of appeal.

The orders, from which the appeal of Mattie L. Mathers is taken, denying her petition to modify the decree of divorce

Opinion of the Court—William A. Lee, C. J.

from defendant Alex Mathers and sustaining the demurrer thereto, are affirmed. The motion to dismiss the appeal of defendant Alex Mathers from the order allowing alimony, suit money and attorney fees, *pendente lite,* is denied, and the order allowing the same reversed. No costs awarded.

Givens and Taylor, JJ., concur.