(Nos. 4885 and 4921. June 4, 1928.)

LAKE C. RICE, Appellant, v. ALTA E. RICE, Respondent.

[267 Pac. 1076.]

C. M. Jeffery, for Appellant.

J. Wesley Holden, for Respondent, files no brief.

BRINCK, Commissioner.—Plaintiff brought suit for divorce from defendant upon the ground of adultery. Decree was entered granting the divorce August 21, 1924. Defendant did not appear and her default was entered prior to the rendition of the decree. Summons had been served by publication under an order duly made upon sufficient showing. On May 28, 1926, the defendant gave notice of her motion to vacate the decree upon the ground that the com-

plaint did not state facts sufficient to constitute a cause of action and upon other grounds not involved in this appeal. The court granted the motion solely upon the ground that the complaint did not state a cause of action and entered an order setting aside the judgment, from which order the plaintiff appealed. The trial court, upon defendant's application, then made a further order that the plaintiff pay her certain attorney's fees and suit money for her use upon such appeal, and from this order likewise the plaintiff appealed. Both of said appeals are presented at this time.

The theory upon which the order vacating the judgment was made was of course that the judgment was void upon its face, because of the supposed failure of the complaint to state a cause of action.

█ Unless a judgment is void upon the face of the record, the court has no power to set it aside on motion made after the statutory time for vacating a judgment, which is one year after the entry of the judgment in cases wherein the defendant was not personally served with process. (C. S., sec. 6726, as amended by Sess. Laws 1921, chap. 235; *Nixon v. Tongren,* 33 Ida. 287, 193 Pac. 731; *Commonwealth Trust Co. v. Lorain,* 43 Ida. 784, 255 Pac. 909.)

█ An obviously clerical defect in the allegation of the prior marriage of the parties is relied on as vitiating the complaint. The intent of the pleader is perfectly apparent, the defect was amendable, and every reasonable intendment will be had in favor of the sufficiency of the allegation when not attacked by demurrer. (*Miller v. Prout,* 33 Ida. 709, 197 Pac. 1023; *Smith v. Neeley,* 39 Ida. 812, 231 Pac. 105.) Such defect does not render the complaint insufficient to withstand such a motion as is here made.

█ More seriously was urged as a ground of insufficiency of the complaint its failure to allege the name of the person with whom defendant was charged with having committed adultery, or that the name of such person was

unknown. The doctrine is frequently announced that a complaint for divorce upon the ground of adultery must allege the name of the person with whom it is claimed the adultery was committed, or that such name is unknown. (19 C. J. 110.) On the other hand, it is held by other courts that such allegation is not necessary. (*Farr v. Farr,* 34 Miss. 597, 69 Am. Dec. 406; *Miller v. Miller,* 92 Va. 196, 23 S. E. 232; *Conant v. Conant,* 10 Cal. 249, 70 Am. Dec. 717; 9 R. C. L. 419.) While in some of the decisions stating that such allegation is essential, the ruling seems to require it as a necessary allegation to support a decree based thereon, most of the cases so holding place their ruling upon the ground that the defendant is entitled to know all the particulars of the alleged offense so that he may intelligently answer the complaint. Under our system of pleading the defendant has ample opportunity to procure such information by demurrer for uncertainty if he so desires; and no decree of divorce being granted under our statute (C. S., sec. 4641) upon the mere default of the defendant, but the court being required to demand proof of the facts alleged, a specific act must be established by the evidence before a decree will be granted. Such being the law and the practice, we think it clear that the allegation in this complaint of the commission of adultery by defendant, the time and place being stated, is sufficient to support the decree of divorce which was entered, and that the judgment was not void upon the face of the record. The trial court therefore had no authority to set aside the judgment.

The judgment of divorce having become final and the time for a motion to set it aside having elapsed, the order purporting to vacate the judgment was without jurisdiction and a mere nullity. (*Nixon v. Tongren, supra.*) It did not have the effect of restoring the action to the status of a pending suit. It is only in a pending action that suit money may be awarded the wife. (C. S., sec. 4642; *Mathers v. Mathers,* 40 Ida. 189, 232 Pac. 573, 42 Ida. 821, 248 Pac. 469.)

We recommend the reversal of both the orders appealed from, and that costs be awarded to appellant.

Varian and Baker, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the orders appealed from are reversed. Costs to appellant.