(No. 6277.   March 6, 1936.)

BEULAH B. McDONALD (Now BEULAH B. MARTIN), Respondent, v. JAMES McDONALD, Appellant.

[55 Pac. (2d) 827.]

James F. Ailshie, Jr., and Wm. H. Langroise, for Appellant.

Hester W. Webb and Chapman & Chapman, for Respondent.

HOLDEN, J.—Appellant and Beulah B. McDonald (now Beulah B. Martin) were married in April, 1912. Following the marriage, serious domestic troubles arose. December 11, 1924, they mutually settled and adjusted their respective property rights by written contract. The contract provided, among other things, that appellant at a subsequent time, dependent upon the result of certain litigation then pending in the Supreme Court of the District of Columbia, would pay the respondent the sum of $400,000. The record shows that since December 11, 1924, appellant has paid respondent $300,000, leaving a balance of $100,000. December 15, 1924, Beulah B. McDonald commenced suit for divorce. It was not contested. On the same day, to wit, December 15, 1924, a decree of divorce was entered. The decree did not retain jurisdiction for the purpose of later modification, or for any other purpose, and it is silent as to the allowance of alimony to respondent. It awarded the custody of the minor children of the parties, to wit, James McDonald, Jr., and Robert Alexander McDonald, to the respondent, provision having been made for their support under the terms of the above-mentioned contract. December 30, 1933, after a lapse of more than nine years, appellant, James McDonald, filed an application, or "Petition for Modification of Decree," under the title of and in the 1924 divorce suit. April 30, 1934, appellant also caused an application, or "Petition for Order to Withhold Payments *Pendente Lite*," to be lodged in the chambers of the District Judge. On the same day, pursuant to the last-mentioned application, an order to show cause

was made, by which it was directed that pending the hearing of such application, appellant was authorized to withhold any and all payments to be made by appellant to Beulah B. McDonald (as above stated, now Beulah B. Martin). May 1, 1934, Beulah B. Martin caused a "Motion to Dissolve Order to Withhold Payments *Pendente Lite*" to be lodged in the chambers of the District Judge. On the same day, the District Judge made an "Order Dissolving, Setting Aside and Vacating the Order of April 30, 1934," on the ground that the court was without jurisdiction to make the order. May 4, 1934, an application for a writ of review was filed in this court and on the same day the writ issued. The opinion of the majority of this court (as well as dissenting opinions of the minority) will be found in *McDonald v. McDonald,* reported in 55 Ida. 102, 39 Pac. (2d) 293. January 5, 1935, pursuant to the opinion of the majority, an order was made and filed with the clerk of this court, directing that the said order so made by Judge Sutphen May 1, 1934, that is to say, the "Order Dissolving, Setting Aside and Vacating the Order of April 30, 1934," be set aside and held for naught. February 14, 1935, respondent demurred to appellant's application, or "Petition for Modification of Decree," filed December 30, 1933, as well as to appellant's application, or "Petition for Order to Withhold Payments *Pendente Lite.*" March 18, 1935, respondent's demurrer to "Petition for Modification of Decree" was sustained. March 26, 1935, appellant having declined to plead further, the district court entered an "Order of Dismissal" dismissing appellant's "Petition for Modification of Decree." The appeal is from the "Order of Dismissal."

It is earnestly contended that the judgment of the district court must be reversed because "Each and every ground set forth in the demurrer to petition for modification of decree, which the trial court sustained, was urged and submitted to this court in case No. 6155 (*McDonald v. McDonald, supra*), either *in haec verba* or *in substance,*" and that "we believe it apparent that the sole question passed upon by the trial court upon the demurrer to the petition" (application for modification of the decree of divorce) "was one of jurisdiction. For, as pointed out in the statement, the order of the court" (sustaining respondent's demurrer

to the application for modification of decree) "recites: 'It is ordered that the demurrer of the plaintiff, Beulah B. Mc-Donald, now Beulah L. Martin, be and the same hereby is in all respects hereby sustained, . . . . ' " (The controversy was tried in the district court upon the theory that the application for a modification of the decree was demurrable, and no question is raised on the appeal as to whether it is demurrable.) It is further contended by appellant that "the issue now before this court is not the correctness of the majority opinion in No. 6155, but whether or not the trial court was bound by the law of the case as announced by this court, or could decline to follow and virtually overrule the expressions of this court in a subsequent proceeding in the same case." On the other hand, it is contended by respondent that the questions presented on this appeal were not adjudicated by this court in the review proceeding (*McDonald v. McDonald, supra*); that this court, in said proceeding, merely held that the trial court was not without jurisdiction to make the order authorizing and directing appellant to withhold the making of further payments to respondent. Hence, we turn, first, to the opinion of the majority of this court in the McDonald case, *supra*, for the purpose of determining what questions the majority opinion decided.

Mr. Justice Budge (then Chief Justice), author of the majority opinion, expressly states the questions which were presented for decision: "From the record before us there are two main questions presented for determination: First, did the trial court have jurisdiction to enter the order of April 30, 1934; and, second, Is defendant entitled to an award of attorneys' fees and suit money for the purpose of the proceedings in this court?" An examination of the McDonald case, *supra*, discloses that the defendant in the review proceeding, respondent here, insisted that the order authorizing appellant to withhold the making of further payments to respondent was an injunction, and, consequently, that the trial court was without jurisdiction to enter the same for the reason that no undertaking was given as required by statute. In that case, it was argued by respondent that: "This order of April 30, 1934" (which respondent in the review proceeding insisted was an injunction), "is unique and unusual, in that the plaintiff on review, McDon-

ald, has procured an injunction against himself. We have been unable to find any other instance of this sort in the books." Continuing the discussion of the contention made by respondent in the review proceeding, that said order was an injunction, the majority opinion says: "Any question of irregularity in the order, of error in the order, or of the efficacy or enforceability of the order, is not before this court for determination, *but only the question of whether the court had jurisdiction to make the order, as is more specifically referred to hereinafter.*" (Emphasis mine.) Quoting further: "Whatever view the trial court may ultimately take would not defeat its jurisdiction to determine whether or not it would make the order."

After full discussion and careful consideration of the contentions of the respective parties, it was held in the majority opinion that "The court had jurisdiction of the parties and of the subject-matter *and of the particular matter before it, the making of the order of April 30, 1934,* which being true, however irregular or erroneous its order may be, it was not absolutely void. (Citing cases.) *The court therefore erred in setting aside the order* upon the sole ground that it was without jurisdiction to make it." (Emphasis mine.)

█ Turning now to the record, it appears that the order of April 30, 1934, permitting appellant to withhold the making of further payments to respondent, was made under the application of appellant entitled: "Petition for Order to Withhold Payments *Pendente Lite,*" and not under the application entitled: "Petition for Modification of Decree." It likewise appears that respondent demurred to the last-mentioned application February 14, 1935, and that said demurrer was sustained March 18, 1935, long after the order of April 30, 1934, had been made and some time after the opinion in the McDonald case, *supra,* had been filed. So it is absolutely impossible that this court, in the review proceeding, could have decided the questions presented by the demurrer of the respondent to appellant's application for a modification of the decree, for the reason that said demurrer had not been either filed in or decided by the district court, at the time the review proceeding (*McDonald v. McDonald, supra*) was pending in and decided by this court, notwith-

standing the contention of appellant that "Each and every ground set forth" in said demurrer, "was urged and submitted to this court in case No. 6155 (McDonald case, *supra*) either *in haec verba* or *in substance.*" Further than that, as the title of appellant's application clearly indicates (Petition for Order to Withhold Payments *Pendente Lite*), and as the substance of that application conclusively shows, the only relief appellant sought by the said application was an order authorizing the withholding of further payments to the respondent, *pendente lite;* to be more exact, pending a final determination of appellant's "Petition for Modification of Decree," on its merits. And, regardless of the scope of the argument or cases cited in the review proceeding, the record actually presented but two questions for determination, as the majority opinion clearly and unmistakably holds, to wit: "First, did the trial court have jurisdiction to enter the order of April 30, 1934; and, second, Is defendant" (respondent here) "entitled to an award of attorneys' fees and suit money for the purpose of the proceedings in this court?" Those questions, and those questions only, were decided by the majority opinion, the majority holding that the trial court had jurisdiction to make the order withholding further payments to respondent, *pendente lite,* and that the defendant in the review proceeding, respondent here, was not entitled to attorneys' fees or suit money. Neither question is presented on this appeal.

It is true, however, that a question of jurisdiction was presented to· this court in the review proceeding, to wit, whether the district court had jurisdiction to make the order permitting appellant to withhold the making of further payments to respondent, *pendente lite,* and it is true that the record in the case at bar also presents a question of jurisdiction, to wit, whether the district court retained and had jurisdiction to modify the decree of divorce; nevertheless, the record in the review proceeding could not have presented the last-mentioned question for the reason that that question was not raised until after the review proceeding had been disposed of. Further than that, the questions so presented are wholly and entirely different.

It is further disclosed by the record that appellant's application[1] was made for the purpose of invoking the jurisdiction of the court to make an order permitting him to withhold the making of further payments to respondent "pending the final determination of defendant's (appellant) petition for modification of decree herein," and not for the purpose of invoking the jurisdiction of the court to hear and determine the "Petition for Modification of Decree." Stated differently, the application for the order was not made for the purpose of invoking the jurisdiction of the court, generally, but only for the single, special purpose of obtaining an order which would permit appellant to withhold the making of further payments to respondent until the "Petition for Modification of Decree" could be heard upon its merits. The application for the order was based upon two grounds, to wit, (a) "that all payments made by defendant (appellant), James McDonald, to the said plaintiff (respondent), Beulah B. Martin, are made by and through the Fulton Trust Company of New York, as Trustee, as more fully appears from defendant's (appellant) petition for modification of decree on file herein, and (b) that all accounts between defendant (appellant), James McDonald, and his said

---

[1] *Petition for Order to Withhold Payments Pendente Lite.*

COMES NOW The defendant, and moves the court to enter an order permitting and directing the said defendant, James McDonald, and his agents, from making any further payments to plaintiff, Beulah B. Martin, pursuant to the terms of the agreement between plaintiff and defendant, dated December 11, 1924, and the decree of this court, dated December 15, 1924, which incorporated the said agreement as a part of the said decree pending the final determination of defendant's petition for modification of decree herein pending, upon the grounds and for the reason that all payments made by defendant, James McDonald, to the said plaintiff, Beulah B. Martin, are made by and through the Fulton Trust Company of New York, as Trustee, as more fully appears from defendant's petition for modification of decree on file herein, and that all accounts between defendant, James McDonald, and his said Trustee, Fulton Trust Company of New York and Joseph S. Graydon, are kept and closed as of the 30th day of April, 1934.

THIS PETITION Is made and based upon the affidavit of James McDonald, hereto attached, and all records and files herein, and defendant prays that an order to show cause be issued forthwith pursuant hereto.

452

Trustee, Fulton Trust Company of New York and Joseph S. Graydon, are kept and closed as of the 30th day of April, 1934.'' While appellant states in his application that he makes all payments to respondent through the Fulton Trust Company and that his account with that company will be closed April 30, 1934, and that such facts more fully appear in his ''Petition for Modification of Decree,'' and while the application for the order[2] was based upon the records and files in the divorce suit, still and nevertheless appellant relied for the relief he sought, to wit, an order permitting him to withhold the making of further payments to respondent pending the final determination of his ''Petition for Modification of Decree,'' *upon the showing made in his said application,* and it seems clear that appellant referred to said last-mentioned petition by the phrase ''as more fully appears,'' etc., simply for the purpose of further clarifying his application and in order that the court would understand the necessity for prompt action, in this: That unless the court granted the application at once and made the order appellant sought, the Fulton Trust Company would, April 30, 1934, the very day the application was lodged, pay the respondent, and close its books, in which case it would be too late to grant the desired relief; and it is apparent that the application was

---

2 ORDER

Upon reading defendant's Petition for Order to Withhold Payments *Pendente Lite*, and on motion of James F. Ailshie, Jr., and W. H. Langroise, attorneys for defendant, IT IS ORDERED that Beulah B. McDonald, now Beulah B. Martin, the above named plaintiff, be and appear before me in the court room in the county court house at Gooding, County of Gooding, State of Idaho, on the 5th day of May, 1934, at 2:00 o'clock P. M., and then and there show cause why the said Petition for Order to Withhold Payments *Pendente Lite* should not be granted.

AND IT IS FURTHER ORDERED That pending the hearing upon said petition the defendant, James McDonald, his agents, trustee or trustees, assignee or assignees, be, and they hereby are, authorized and directed to withhold any and all payments of whatsoever kind or character directed to be made by the said James McDonald to said Beulah B. McDonald, now Beulah B. Martin, in accordance with the agreement between said parties dated December 11, 1924, and the decree of this court dated December 15, 1924, which incorporated the said agreement as a part of the said decree.

based upon the records and files in the divorce suit, for the same purpose, to wit, that the court might fully understand the necessity for promptly granting the order permitting him to withhold the making of further payments to respondent until the final determination of his "Petition for Modification of Decree."

The review proceeding was entitled *McDonald v. Mc-Donald*. Undoubtedly the proceeding should have also carried the name of District Judge Sutphen as a defendant. Nevertheless, Beulah McDonald Martin was both a proper and a necessary party defendant, if she was to be bound by the judgment entered in the review proceeding, unless she voluntarily appeared. (4 Bancroft's Code Practice and Remedies, secs. 2799, 2800.) The district judge was not the real party in interest; in fact, he had no actual interest whatever in the controversy. The real parties in interest were James McDonald and Beulah Martin. Inasmuch as the district judge appeared and submitted himself to the jurisdiction of this court, the failure to include him in the title to the proceeding, as an additional party defendant, could not affect the judgment of this court. And, while appellant's application entitled: "Petition for Modification of Decree," was filed under the title of the divorce suit of *McDonald v. McDonald,* at the time that application was filed, that suit was no longer pending as the decree entered therein had become final more than nine years before, so that there could not have been two cases pending, to wit, a divorce suit and the review proceeding, although it is quite true that as to the appeal from the order dismissing the application for "Modification of Decree," our jurisdiction is appellate, and that as to the review proceeding our jurisdiction was original. Nevertheless, both questions determined by this court in the review proceeding arose in the district court in the controversy between the former parties to the divorce suit, one of which involved an application for attorneys' fees made by respondent, and the other the application of appellant for permission to withhold the making of further payments to respondent pending the final determination of his application to modify the decree of divorce, the final determination of which questions was binding upon the parties in their controversy pending in the district court,

and as to them, as well as the court, was the law of that controversy, or "case," in so far as those questions are concerned. Otherwise, the review proceeding was a mere gesture. In fact, the very purpose of the review proceeding was to bring up to this court for examination, the record of the district court in the later controversy between the former parties to the divorce suit, in order that this court might determine the law applicable to the above stated questions. This court held in *Lansdon v. State Board of Canvassers*, 18 Ida. 596, 111 Pac. 133, that "A writ of review brings up the record of the tribunal, board or body whose acts are to be examined, and is issued for the purpose of reviewing the law applicable to the case, instead of examining the facts of the case, except in so far as an examination of the facts is necessary in the determination of the single question of jurisdiction. *The purpose of the review is to determine primarily the law applicable to the case* rather than the facts of the case." (Emphasis mine.)

It follows that the questions presented on this appeal were not adjudicated by this court in *McDonald v. McDonald, supra.*

In the foregoing discussion of the opinion of the majority of this court in the review proceeding (*McDonald v. McDonald, supra*), I have merely attempted to determine what questions the majority decided, rather than to express my own views, as I expressed my views in my dissenting opinion in the review proceeding, to which I still adhere.

We pass now to a consideration of appellant's contention that the district court erred in sustaining respondent's demurrer to appellant's application for modification of the decree of divorce.

Respondent demurred to that application upon numerous grounds, which, summed up, may be stated to be: That the application "fails to state facts sufficient to constitute a ground upon which the court may modify the decree herein"; that the payments sought to be avoided by the petition were not contained in or provided for by the terms of the decree; that the decree did not award alimony to respondent; that the decree having become final, by operation of law, and the court having failed to retain jurisdiction for any purpose, it was, therefore, without jurisdiction to modify the decree.

The application to which the respondent demurred, so far as material here, alleged: "That due to general financial and economic conditions and the period of business depression, many of the corporations in which defendant's trust estate is invested have passed their dividends or so greatly reduced the dividend rate that the gross income from defendant's one-half interest in the estate of his deceased father is now approximately $34,576.90 per annum, from which said sum defendant is required to pay all federal and state income taxes, and all other federal and state taxes, including both real and personal, in addition to the sum of $25,000.00 per annum which defendant has been paying to plaintiff, pursuant to the said decree of December 15, 1924"; that "contrary to the terms of the agreement of December 11, 1924, and in violation of the provisions thereof," and it is alleged in violation of "the decree dated December 15, 1924," which it is claimed "adopted and incorporated the said agreement as a part of the said decree, the plaintiff, Beulah B. McDonald, wrongfully failed, refused and neglected to support or contribute to the support or otherwise aid or assist in supporting and maintaining the son of plaintiff and defendant, James McDonald III, from on or about the 7th day of June, 1932, until the month of June, 1933, during which time the said James McDonald III was supported, kept and maintained solely by the defendant" (appellant); that "Beulah B. McDonald (now Beulah B. Martin) wrongfully failed, refused and neglected to properly provide for the support, maintenance and education of defendant's (appellant's) two sons, James McDonald III and Robert Alexander McDonald, and as a result thereof, defendant was requested" (by whom it is not alleged) "to furnish additional sums for the support, maintenance and education of said sons in the years 1928 and 1929, and was required to contribute to the support, maintenance and education of the said sons, James McDonald III and Robert Alexander McDonald, the sum of $4,-500.00," in addition to other sums it is alleged the appellant contributed for the support of the said sons; that "since the month of June, 1933, defendant is informed and believes, and therefore alleges, that the plaintiff has contributed nothing to the support of either the said James McDonald III or Robert Alexander McDonald"; that since June, 1933, "each of said

children has been supported, kept and maintained solely upon funds provided them by their guardian *ad litem*, Ralph E. Quinter, pursuant to an allowance made and entered by the Supreme Court of the District of Columbia, and that during all of said period plaintiff has wrongfully, and in violation of the agreement of December 11, 1924,'' and it is alleged in violation of ''the decree of December 15, 1924, kept and appropriated for her own use and benefit the sums which she has received from defendant to be used in the support, maintenance and education of the said James McDonald III and Robert Alexander McDonald''; that ''in the month of May, 1933, pursuant to an order of the Supreme Court of the District of Columbia, the said James McDonald III and Robert Alexander McDonald were each allowed the sum of $10,000.00 per annum, until further order of the court, to be paid from their interest in the estate of James McDonald, Sr., deceased, for the support, maintenance and education of each of the said persons''; that since December 11, 1924, he has paid respondent the sum of approximately $300,000; that the sums paid by appellant to respondent ''constitute a full, just and equitable settlement for any and all claims which plaintiff now has or ever has had against defendant, and that plaintiff is now remarried and is living with her husband, John J. M. Martin.''

It is apparent from the foregoing statement of the substantial and material allegations of the ''Petition for Modification of Decree,'' that appellant failed to allege either fraud, accident, or mistake in the procuring of the contract and decree of divorce, or either, or any facts from which the existence of fraud, accident, or mistake would necessarily follow. In fact, that application does not even suggest or mention any one of those three great heads of equity jurisprudence. Therefore, without conceding that a written contract may be modified by the filing of an application, or petition, in the circumstances shown by the record here, there can be no doubt that said application failed to state a sufficient case for the modification of either the written contract or a final decree. And, further, the order of April 30, 1934, permitting appellant to withhold the making of further payments to respondent, *pendente lite,* having served the purpose for which it was made, and the court having

concluded that appellant's "Petition for Modification of Decree" was insufficient, and that it was without jurisdiction, it was proper for the court to set aside the last-mentioned order in and by its order of dismissal.

Furthermore, appellant specifically prayed: "That the court modify its decree of December 15, 1924, to provide that defendant (appellant here) be required to make no further payment to plaintiff of any sum whatsoever." So that it is clear from the allegations of the application for a modification of the decree, and that part of the prayer above quoted, that the actual relief sought by appellant was such a modification of the decree of December 15, 1924, as would relieve him from paying respondent a balance of $100,000 out of a total $400,000, as provided by the agreement of December 11, 1924, and it is likewise clear that appellant did not seek any relief whatever under section 31–705, I. C. A., providing that: "In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same." And that appellant did not seek any relief under that section, is emphasized by the fact that the district court gave appellant fifteen days "within which time to amend his said petition for modification of decree herein, solely with respect to any provisions therein relating to the custody, care, support and maintenance of the minor children therein mentioned and named," and that appellant refused to plead further.

There remains for consideration the question as to whether the district court had jurisdiction to entertain the "Petition for Modification of Decree." The decree did not award alimony to respondent; it had become final by operation of law, no appeal having been taken, and the time for modification or amendment as provided by statute having expired. This court held in *Mathers v. Mathers,* 42 Ida. 821, 248 Pac. 468, that the district court is without jurisdiction to reopen a decree of divorce after the statutory time to modify or amend has expired. (See, also, *Rice v. Rice,* 46 Ida. 418, 267 Pac. 1076; *Gifford v. Gifford,* 50 Ida. 517, 297 Pac. 1100; *Spain v. Spain,* 177 Iowa, 249, 158 N. W. 529, Ann. Cas. 1918E, 1225, L. R. A. 1917D, 319; *Bacigalupi v.*

*Bacigalupi,* 72 Cal. App. 654, 238 Pac. 93; *Shaffer v. Shaffer,* 135 Kan. 35, 10 Pac. (2d) 17; *Stanley v. McKenzie,* 29 Ariz. 288, 240 Pac. 1033; *Saurman v. Saurman,* 131 Or. 117, 282 Pac. 111.)

Order of dismissal affirmed. Costs awarded to respondent.

Givens, C. J., concurs in the conclusion reached.

Ailshie, J., did not sit at the hearing nor participate in the opinion.

BUDGE, J., Specially Concurring.—There were two questions presented in *McDonald v. McDonald,* 55 Ida. 102, 39 Pac. (2d) 293, first: Did the trial court have jurisdiction to make the order of April 30, 1934, and, second, was respondent entitled to an award of attorneys' fees and suit money? The second question was decided adversely to respondent. In the majority opinion it was held that the trial court had jurisdiction to make and enter the order of April 30, 1934, and erred in vacating and setting aside the same upon the sole and only ground that it was without jurisdiction to enter such order. As was stated in *McDonald v. McDonald, supra:*

"The court had jurisdiction of the parties and of the subject-matter and of the particular matter before it, the making of the order of April 30, 1934, which being true, however irregular or erroneous its order may be, it was not absolutely void. (Citing cases.) The court therefore erred in setting aside the order upon the sole ground that it was without jurisdiction to make it."

The petition for review invoked the original jurisdiction of this court; no demurrer had been filed to the petition for modification of the decree; the trial court had not passed upon the sufficiency or insufficiency of the petition, and the same was not before this court for review. The order of April 30, 1934, was not based upon the sufficiency or insufficiency of the petition for modification of the decree. The instant case is before us upon an appeal from the order or judgment of the district court sustaining a demurrer to the petition for modification of the decree. Therefore it cannot be held that in passing upon the jurisdiction of the trial

court to enter the order that this court passed upon the sufficiency of the petition for modification of the decree.

The question here for consideration is whether respondent's demurrer to appellant's petition for modification should or should not be sustained. The facts with reference to the decree of divorce and the settlement agreement are set forth in *McDonald v. McDonald, supra*. An examination of the decree of divorce and the settlement agreement clearly shows that no provision was made for the payment of alimony to respondent, plaintiff in the divorce action, and it is further apparent that the time within which an appeal might have been taken from the decree expired long prior to the filing of the petition for modification. The rule in this jurisdiction is that where there is no provision in the decree of divorce for the payment of alimony, and no reservation of power to make any such provision, the court is without jurisdiction to amend, modify or otherwise supplement the decree of divorce, after the time for appeal has expired. (*Mathers v. Mathers*, 40 Ida. 189, 232 Pac. 573; *Mathers v. Mathers*, 42 Ida. 821, 248 Pac. 468; *Rice v. Rice*, 46 Ida. 418, 419, 267 Pac. 1076; I. C. A., secs. 12–606, 31–704.) It must be concluded that the court did not have jurisdiction to modify its decree of divorce with respect to alimony, there being no provision therein for the payment of alimony or in regard to the same, and the court properly sustained the demurrer to the petition for modification.

MORGAN, J., Concurring.—The application for an order *pendente lite* and the application for a modification of the decree are based on the allegations of one and the same petition, and appellant is right in his contention that the question presented by each of these applications was as to whether the petition stated facts sufficient to invoke the jurisdiction of the court and to entitle him to the relief he sought. Because of this he insists the decision reversing the order which set aside the order *pendente lite* is a judicial determination that the trial court had jurisdiction to grant the relief sought by the petition and is the law of the case, binding on us in our consideration of the order sustaining the demurrer to the petition.

In this latter contention appellant is in error. The litigation now before us is a different case than that in which the order *pendente lite* was considered. That was an action wherein our original jurisdiction was invoked and a writ of *certiorari* was issued to procure a review of an order vacating an order *pendente lite*. This is a case in which our appellate jurisdiction is invoked to review orders sustaining a demurrer to a petition for modification of a decree of divorce, denying appellant the relief prayed for and dismissing the petition.

The former case was erroneously entitled *McDonald v. McDonald,* the same as is the divorce case, instead of *McDonald v. Sutphen, District Judge,* as it should have been, and this error has probably contributed to the confusion whereby it has been assumed but one case involving two phases of the McDonald troubles has been submitted to us for decision instead of two separate cases.

Regardless of how the cases are entitled there are two of them, in one of which our jurisdiction is original, and in the other it is appellate. (Idaho Const., art. 5, sec. 9.) For this reason the former decision is not the law of this case, binding on the court whether erroneous or not, but is a precedent to be followed if it is a sound and correct statement of the law, and departed from if it is not.

My dissenting opinion in *McDonald v. McDonald,* 55 Ida. 102, 39 Pac. (2d) 293, 299, states the reasons why I contended the order reviewed in that case should have been upheld and why the order appealed from in this case should be affirmed.