FOLMTJE BOECK, APPELLANT, v. JOHN BOECK,
APPELLEE.

Divorce: CAUSES FOR. Mere austerity of temper and petulance of manners of the wife are not sufficient to defeat a divorce on the ground of extreme cruelty of the husband by blows inflicted by him on her.

APPEAL from the district court of Richardson county. Tried below before DAVIDSON, J.

*Isham Reavis* and *A. Schoenheit,* for appellant.

*E. W. Thomas,* for appellee.

MAXWELL, J.

The plaintiff brought this action in the district court of Richardson county to obtain a decree of divorce from the defendant upon the ground of extreme cruelty. A statement of the acts of cruelty constituting the cause of action are set out in the petition, and are alleged to have been committed between the month of May, 1873, and March,

1879. The defendant, in his answer, denies the acts of cruelty complained of, pleads cruelty on the part of the wife, and that she "is a person of violent and ungovernable temper," etc. On the trial of the cause the court found for the defendant and dismissed the action. The plaintiff appeals.

It appears from the record that the parties were married in 1866, and that eight children have been born to them, six of whom are now living; that the defendant has a considerable amount of property, which seems to have been accumulated by both husband and wife. The plaintiff testifies that in the spring of 1882 she accompanied her husband to Humboldt, and on starting for home "he [the defendant] whipped first the horses and whipped me. I was back in the wagon, and I told him he must let me alone." * * * * * ."'I whip you,' he says to me, and I tell him 'Quit that.' He tell me that he get pretty soon the big end of from the whip and kick me blue and blue, and I tell him again, 'If you want to do such thing to me better I walk home.' Then I stand up in hind part of the wagon, by the back part, with my feet outside. He comes in with a whip and gives the horses big cut with the whip, and I fall down from the wagon. He looks at me. I get up, and he stops and goes very slow with the horses. I walk up and down. I feel kind of tired. I hook on to the wagon that way. He get the whip and give me a strike on my hands, so I let loose again."

She also testifies that he compelled her to walk home, a distance of four or five miles.

The defendant, in his direct examination, denies striking his wife at this time, but on his cross-examination he testifies as follows: "No; we was quarreling first about the driving, and so she said I didn't drive fast enough; and we quarreled the second time on account she said I licked her on account of the whip coming on her head. So I told her if I didn't drive her good enough she should drive

alone, and so we had a quarrel about it, and I turn my whip around and she went from the wagon."

Q.  She was afraid of the turning of the whip?

A.  Yes.

Q.  You didn't intend to strike her?

A.  Yes, I said if she would not let me alone I would strike her with the other end of the whip.

Q.  With the big end?

A.  Yes.

The testimony also shows that since that time the defendant at various times has inflicted blows on the plaintiff and otherwise maltreated and abused her—that in fact such treatment was common.

The court below found that "the plaintiff and defendant have been guilty of acts of cruelty," and therefore found for the defendant. The defendant, in his answer, has pleaded no specific acts of cruelty on the part of the plaintiff, and in our view the evidence fails to establish cruelty on her part. There is evidence tending to show that she was irritable, and in the habit of complaining to the defendant of his conduct, but this was no justification to him for his brutal conduct toward her. Mere austerity of temper and petulance of manners of the wife, however reprehensible, did not justify the husband in inflicting blows upon and abusing her. *Eidenmuller v. Eidenmuller* 37 Cal., 364. In our opinion, therefore, the plaintiff is entitled to a decree of divorce.

As questions relating to the custody of the children, and perhaps in relation to providing for their support, and alimony to the plaintiff, must be determined, the cause will be remanded. The judgment of the district court is reversed and the cause remanded to the district court to render a decree as indicated in this opinion.

REVERSED AND REMANDED.

THE other judges concur.