STELLA K. BEARDIN *v.* H. W. BEARDIN.

No. 2679.

SUBMITTED APRIL 12, 1948.                    DECIDED APRIL 19, 1948.

KEMP, C. J., LE BARON, J., AND CIRCUIT JUDGE
MOORE IN PLACE OF PETERS, J., ABSENT.

OPINION OF THE COURT BY LE BARON, J.

By amended libel the libelant sued the libelee for an
absolute divorce upon the grounds of extreme cruelty and
cruel treatment as defined in Revised Laws of Hawaii 1945,
section 12210, paragraphs 6 and 8, respectively. The libelee
countered with a cross libel alleging, as grounds of divorce,
desertion and cruel treatment as defined by paragraphs 2
and 8, respectively, of the statute. Issue was joined and a
hearing held. A decree was entered dismissing both the
amended libel and cross libel. From this decree the
libelant alone appeals.

The appeal calls attention to the lack of findings of
the trial judge upon an issue under the ground of extreme
cruelty as alleged in the amended libel which necessarily

arises from the evidence and pleadings. This issue involves an ingredient of extreme cruelty and pertains to whether the misconduct of one spouse may so injure or endanger the other's health, in contradistinction to life and limb, that it constitutes extreme cruelty unless there were sufficient provocation, justification or excuse. The paramount question presented by the appeal is one of law. It is whether, upon such issue pertinent to health, extreme cruelty as a ground of divorce has been proved by the evidence adduced, irrespective of the trial judge's findings of the absence of endangerment to life or limb.

The evidence is undisputed that since the marriage of the parties, more than twenty years ago, not only has their marital life been unhappy but the libelant has been in a highly nervous condition and state of poor health, superinduced by sexual maladjustment; that during the same period the libelee has been an exceptionally strong and physically powerful man; that the libelee, upon returning home late one afternoon, became very angry with the libelant because of her unjust verbal complaints and hostile attitude towards him, and struck her in the face with extreme force while she was standing with her back against the kitchen sink, the libelee testifying that "I got angry and I slapped her as hard as I could," and, when she ran out of the house and fell down, grabbed her arms and forced her into the house; that as a result thereof her back and arms were bruised to the extent that several black and blue marks were upon them and, as a further result, she suffered a complete nervous breakdown, the ill effects of which lasted for more than nine months, such results being established by the uncontradicted testimony of a reputable and competent physician who, before that afternoon, attended the libelant, two days later examined her and thereafter medically treated her.

The trial judge characterized the slapping as "a single

act of physical violence" on the part of the libelee, committed in "sudden access of exasperation," but found that it was "not without provocation" on the part of the libelant and did not appear "to have been of such character as to seriously endanger the life or limb of libelant, or to reasonably arouse an apprehension in her of such danger as to constitute extreme cruelty within the meaning of the statute relating thereto." But the undisputed evidence establishes acts of physical violence, committed by the libelee, in addition to the slapping. However, relative to the character of such slapping as found by the trial judge, it should be noted at this juncture that it is well settled by the decisions of this court that violence which tends to endanger life, limb *or health,* or creates a reasonable apprehension of such result, thus rendering continued cohabitation unsafe, constitutes extreme cruelty within the meaning of our divorce statute. (*Bartlett* v. *Bartlett,* 13 Haw. 707; *Bruns* v. *Bruns,* 21 Haw. 284; *de Coito* v. *de Coito,* 21 Haw. 339; *Lyons* v. *Lyons,* 21 Haw. 474; *Chang* v. *Chang,* 30 Haw. 354.) Applying this test to the undisputed evidence, it is apparent that the findings of the trial judge are incomplete and do not form a proper basis on which to determine whether extreme cruelty as a ground of divorce has been proved. The findings are not upon the issue of the injurious effect of extreme cruelty to health nor do they inquire into what consequences the uncontroverted result of the libelee's acts to the libelant's nervous system had upon her health in relation to the further living together of the parties. Furthermore, the findings do not pass upon the materiality of provocation as a defense to extreme cruelty nor deal with the degree of violence as compared to the extent of provocation. Hence it is incumbent on this court to make its own findings with respect thereto in order to properly consider the question presented on appeal.

Without disturbing the findings of fact made below, this court finds, from the undisputed evidence, that the libelant's unjust complaints and hostile attitude towards the libelee, although not of the same general character as his slapping and other acts of physical violence against her person, provoked him to retaliate. But it likewise finds that the degree of violence of such retaliation was clearly excessive and out of proportion to the extent of provocation. This being the case, her provocative conduct afforded no justification or excuse for his acts of inordinate and disproportionate violence nor mitigated any effect thereof in amounting to a ground of divorce. Consequently, even though there was provocation, its existence in this case is immaterial as to whether extreme cruelty has been proved. (See *Boeck* v. *Boeck*, 16 Neb. 196, 20 N. W. 223; *Wesselhoeft* v. *Wesselhoeft*, 369 Ill. 419, 17 N. E. (2d) 56. See also *Unzicker* v. *Unzicker*, 101 Neb. 837, 166 N. W. 241.) Devoting itself to that paramount question, this court finds from the undisputed evidence of the devastating result the libelee's acts had upon the libelant's entire nervous system that those acts endangered her health by seriously impairing it, such danger and impairment being natural consequences of a complete nervous breakdown as a matter of common knowledge, thereby rendering continued cohabitation unsafe and intolerable, especially so in view of the libelant's already depleted state of health and of the pre-existing sexual maladjustment between the parties. These deleterious effects are determinative of extreme cruelty and at the same time objectively indicate the wrongful character of the acts of the libelee. In correlation thereof, this court also finds from the undisputed evidence not only of the exceptional physical strength of the libelee, which he concededly exerted to its limit in slapping the libelant in the face and exerted throughout in anger, but of the sickly condition of the libelant at the

time, that under the circumstances the striking her with his open hand, together with his grabbing and forcing her, amounted to brutal misconduct of such inexcusable violence and degree of culpability as to constitute the marital offense of extreme cruelty.

This court, therefore, determines that extreme cruelty as a ground of divorce was proved according to law and overrules the trial judge's determination to the contrary, it being against not merely the preponderance of the evidence but the undisputed evidence as well.

That part of the decree dismissing the amended libel is reversed and the cause remanded below for such further proceedings as may be warranted by the evidence consistent with the granting to the libelant of a decree of absolute divorce on the ground of extreme cruelty and with instructions to grant such decree.

*D. G. Ridley* for libelant-appellant.

*A. K. Trask* for libelee-appelee.