# SARAH EIDENMULLER v. GEORGE EIDENMULLER.

EXTREME CRUELTY IN HUSBAND.—If the husband, on more than one occasion, inflicts violence upon the person of his wife, so that the marks thereof remain, he is guilty of extreme cruelty, which is not excused by the fact that the wife has a bad temper and scolds the husband.

DIVISION OF COMMON PROPERTY IN CASE OF DIVORCE.—When a divorce is granted on the ground of extreme cruelty, the appellate Court will not set aside the judgment of the Court below in dividing the common property, unless there has been an abuse of discretion.

ALIMONY IN CASE OF DIVORCE.—The Court, in granting a divorce, may direct the defendant to pay the plaintiff a monthly sum as alimony, and the allowance may be based on his earnings or upon his ability to earn money.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action for a divorce, on the ground of extreme cruelty.

The testimony on behalf of the plaintiff tended to show that the defendant on two different occasions struck the plaintiff with his fist and hand upon the face and head, so as to leave marks of violence, which remained several days, and that on one of these occasions, in the night, after she had taken refuge in a room occupied by a servant girl, and locked it, he broke the door open, and taking her by the arms dragged her back into the chamber occupied by them as a sleeping room.

The testimony on behalf of the defendant tended to show that the plaintiff was possessed of an irascible temper, and frequently scolded her husband and so conducted herself as to make his home unpleasant. The testimony on both sides showed that the parties lived very unpleasantly together.

The Court granted the divorce on the ground prayed for. The defendant appealed.

The other facts are stated in the opinion of the Court.

*Whiting & Naphtaly*, for Appellant.

*Campbell, Fox & Campbell*, for Respondent.

By the Court, RHODES, J.:

The evidence was, in our opinion, sufficient to authorize the Court to grant a divorce on the ground of extreme cruelty. The conduct of the plaintiff was not free from fault, but it was not of such a character as to excuse the defendant's acts of personal violence.

The common property consisted of a house and lot, worth about three thousand five hundred dollars; household furniture, worth about one thousand dollars, and a horse and buggy, worth about four hundred and fifty dollars. The defendant is a practicing physician, having an income of about one thousand eight hundred dollars per annum. The Court awarded to the plaintiff the house and lot and the household furniture, and ordered the defendant to pay her monthly the sum of seventy-five dollars, and counsel fees. The custody of the three younger children was given to the plaintiff, and the two older children were left in the custody of the defendant. The Act in relation to husband and wife provides, that when a "decree of divorce is rendered on the ground of adultery or extreme cruelty, the party found guilty thereof shall only be entitled to such portion of the common property as the Court granting the decree may, in its discretion, from the facts of the case, deem just and allow, and such allowance shall be subject to revision on appeal, in all respects, including the exercise of discretion by the Court below." (Stats. 1857, p. 199.) Looking at the decree in the light of surrounding circumstances, and having due regard to the welfare of the children, we cannot say that there was any abuse, or even improper exercise, of discretion in the disposition of the common property. The lot was too small to be divided without material injury; and a sale, in order that the proceeds might be divided, would deprive the younger children of a home. The welfare of the children is a matter of paramount importance in settling the terms of the decree in respect to the division of the common property and the payment of alimony. There was no evidence in

regard to the household furniture, except as to its value, and it will not be presumed that the articles composing it were other than such as were necessary for the convenient use of the house; and as there was no evidence that the plaintiff, or the children who were confided to her care, possessed any property out of which the house could be furnished, it was proper that the furniture should be awarded to the plaintiff. There is no doubt that the Court, in granting a divorce, has authority to direct the defendant to pay the plaintiff alimony, and the allowance may be based upon his earnings or his ability to earn money. (Bish. on Mar. and Div., Sec. 604.) But in view of the facts that two of the children were committed to the care of the defendant, and that most of the common property—there being no evidence that either party possessed separate property—was awarded to the plaintiff, we are of the opinion that the monthly allowance of seventy-five dollars per month was too great a portion of his earnings.

Cause remanded, with directions to the Court below to modify the judgment by reducing the monthly pay to fifty dollars, and remittitur ordered to issue forthwith.

Mr. Justice CROCKETT, having been of counsel, did not sit in the cause.

Mr. Justice SPRAGUE dissented