(No. 5686.   April 9, 1931.)

CORA D. GIFFORD, Respondent, v. A. LAMONT GIFFORD, Appellant.

[297 Pac. 1100.]

A. H. Wilkie, for Appellant.

Arthur W. Holden and Solon Orr, for Respondent.

GIVENS, J.—Respondent was granted a divorce from appellant, and awarded the custody of their three minor children, not yet of age. The court made a division of the community property, and required appellant to pay respondent $50 a month for the support and maintenance of said minor children "until the further order of (the) this court."

Appellant thereafter, following respondent's remarriage, moved the court to modify the decree, and reduce the allowance made for the children from $50 a month to $25 a month. Respondent resisted said motion and asked the court for an order requiring appellant to pay her attorney's fees and expense money in such contest.

The court ordered appellant to pay respondent $50 for attorney's fees. The appeal is from that order.

Appellant contends that after a divorce has been granted and become final, the court has under C. S., sec. 4642, no further authority to allow attorney's fees. In *Mathers v. Mathers*, 42 Ida. 821, 248 Pac. 468, there were no minor children, the property rights were finally determined, and there was no retained modifying provision in the decree.

Appellant cites *Jenkins v. Commercial Nat. Bank*, 19 Ida. 290, 113 Pac. 463, to the effect that attorney's fees are not authorized except by statute, or agreement of the parties. Assuming such premise, sec. 4643, C. S., provides as follows:

"In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same" and sec. 4653, C. S., provides: "Exclusive original jurisdiction of all actions and proceedings under this chapter is in the district court, and the judge thereof at chambers may make all necessary orders for temporary alimony

and support, and the expenses of the action and the custody of the children and property during the pendency of the action."

Under these two statutes the trial court has jurisdiction of the care, custody, and education of the children, and express provision is made in the decree herein for subsequent modification thereof, with respect to such matters.

It will be noticed in C. S., sec. 4642, under which attorney's fees in divorce actions have been allowed (*Spofford v. Spofford*, 18 Ida. 115, at 121, 108 Pac. 105; *Taylor v. Taylor*, 33 Ida. 445, 196 Pac. 211), the words "attorney's fees" do not occur; the phrases are "alimony" and "any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action."

In C. S., sec. 4653, the words "alimony" and "expenses of the action and the custody of children" are used, which language under the above decisions, certainly might include "attorney's fees."

The words "pendency of the action" are used in C. S., sec. 4653, and this action so far as the care and custody of the children is concerned, especially where the decree expressly provides that it may be modified, will be pending at least until the children reach their majority. (*Lewis v. Lewis,* 174 Cal. 336, 163 Pac. 42; *Tubby v. Tubby,* 202 Cal. 272, 260 Pac. 294; *Moore v. Superior Court,* 203 Cal. 238, 263 Pac. 1009; *Parker v. Parker,* 203 Cal. 787, 266 Pac. 283.)

The appellant has himself moved the court to modify the decree with regard to the care and keep of the children, thereby recognizing that the action for the purpose of this proceeding is still pending.

There was no discussion of this point in *Humbird v. Humbird,* 42 Ida. 29, 243 Pac. 827.

In *Dolby v. Dolby,* 93 Wash. 350, 160 Pac. 950, cited by counsel, the court did not appear to have considered statutes, if there are any in Washington similar to C. S., secs. 4643 and 4653, quoted above. The same is true with regard to *Barish v. Barish,* 190 Iowa, 493, 180 N. W. 724, and the

authorities collated in 14 A. L. R. 609, some of which, however, allowed attorney's fees.

Judgment affirmed. Costs to respondent.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.