WILMA EILEEN BLUE, APPELLEE AND CROSS-APPELLANT, V. RALPH E. BLUE, APPELLANT AND CROSS-APPELLEE.

40 N. W. 2d 268

Filed December 22, 1949. No. 32686.

*Robert S. Finn,* for appellant and cross-appellee.

*Raymond B. Morrissey,* for appellee and cross-appellant.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This cause comes here on appeal by Ralph E. Blue from a decree of the district court denying a petition for modification of that portion of a decree of divorce for support of Marilyn June Blue, the minor child of said Ralph E. Blue and Wilma Eileen Blue, and a cross-appeal from the same decree which also denied a cross-petition for modification made by said Wilma Eileen Blue.

In the original action Wilma Eileen Blue was plaintiff and Ralph E. Blue was defendant. For convenience they will be thus referred to herein.

In the original action, on September 2, 1946, plaintiff was granted a decree of divorce from the defendant. She was awarded no alimony. She was however awarded $25 a month commencing September 1, 1946, for the support and maintenance of the child. The award was made by approval of a stipulation entered into by the parties containing that provision. The stipulation made provision for reduction of the monthly payment for one month of each year to $12.50 when it was provided that defendant should have custody of the child. He never however had custody and never reduced his payments at any time below $25 a month.

The child was at the time of the decree 16 years of age and was attending high school at Tecumseh, Nebraska. The defendant made all payments required by the terms of the stipulation and decree up to and including the one due and payable on May 1, 1949.

The petition for modification was filed February 10, 1949, and its prayer was for relief against further payments on account of changed conditions. The alleged changed conditions were that the child was employed and self-supporting as was also the plaintiff, and that the relative situations of the parties were such that further payments by him were not justified.

By the cross-petition plaintiff sought to have the monthly amounts increased to $100 a month. By her cross-petition she declared that the daughter's present earnings were insufficient with which to provide for support, clothing, glasses, dental expenses, and education. She declared that the child was seeking to raise funds in order to secure two years in a university so that she might qualify as an air-line hostess and that this would require $100 a month.

A trial was had and on May 9, 1949, the petition and cross-petition were denied. Both parties filed motions for new trial which were overruled.

The record discloses that at the time of trial the income of defendant was $95 the first and fifteenth of each month which after deductions left him $84.05 the first and fifteenth or $168.10 a month. His gross income was the same at the time of divorce but on account of deductions the net was higher. He has no other income and no property or money except an automobile.

The daughter graduated from high school in May 1948. Before graduation she worked part time for some period. Just how long is not shown. Her maximum earnings during the time she worked were $25 a month. After graduation and during the same month she came to Lincoln, Nebraska, where she obtained employment which was continuous up to the time of the trial. She

started work at a salary of $110 a month. She had a raise of $5 a month in August 1948 and at Christmas time of 1948 she received another raise of $5 a month which brought her salary up to $120 a month. This was the salary she was receiving at the time of trial.

In a very short time after the daughter came to Lincoln the plaintiff came also and the two have an apartment together. At the time of the trial the monthly earnings of the plaintiff were in her words: "Between a hundred and thirty and a hundred and forty I would say."

The plaintiff testified that the teeth of the daughter need straightening and that the initial cost would be about $500.

The daughter testified that she desired to become an air-line hostess and that this would require two years of university education at a cost of about $1,000 a year, or nurse's training. She expressed an unwillingness to take nurse's training for that purpose because the time involved would be too great.

Though the plaintiff and the daughter of the parties had the benefit of the $25 a month provided for by the decree for approximately a year after they came to Lincoln and became reasonably self-supporting, there is nothing in the record to indicate that they set it or any portion of it aside with a view to having the daughter's teeth straightened or to her university entrance in preparation for a career as an air-line hostess.

It is under these facts as evidence of changed circumstances of the parties, and section 42-312, R. S. 1943, as follows, that the defendant seeks modification of the decree in its relation to maintenance of the child of the parties:

"If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody

and maintenance of the children or any of them."

See, Gibson v. Gibson, 147 Neb. 991, 26 N. W. 2d 6; Schrader v. Schrader, 148 Neb. 162, 26 N. W. 2d 617; Koser v. Koser, 148 Neb. 277, 27 N. W. 2d 162.

At the time the decree was entered the daughter of the parties was a dependent and remained so for a period of about two years. This had not been true for a period of about a year before the hearing herein. There is nothing from which a reasonable inference may be drawn that she may again become dependent. She is entirely and completely self-supporting as is also her mother with whom she lives.

Certainly this presents a change of circumstances of the parties since the decree, and one which justifies a modification of and relief from the obligation to provide further support and maintenance. It ought not to be said that a parent in modest circumstances with a modest income should be required to continue to contribute to the support of a minor child who has become completely independent and self-supporting.

The evidence relating to the desire of the daughter to enter a university and to have her teeth straightened does not alter this conclusion. As already pointed out she had the benefit of the monthly award of the decree for a year after she became self-supporting, yet there is no evidence that she took any step in furtherance of either one of these purposes.

It is the conclusion of this court that the district court erroneously denied the petition of the defendant but correctly denied the cross-petition of the plaintiff.

The cause is affirmed as to the decree on the cross-petition and reversed and remanded with directions to modify the decree of divorce in such manner as to relieve the defendant from further payments for maintenance for the child of the parties.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.