[Civ. No. 17668. Second Dist., Div. Two. July 13, 1950.]

BELLE GILBERT, Respondent, v. JACQUES S. GILBERT, Appellant.

Eugene L. Wolver for Appellant.

No appearance for Respondent.

McCOMB, J.—From an order refusing to grant defendant's application for modification of an order providing for the payment of alimony, defendant appeals. There is no appearance on behalf of respondent.

*Facts:* Pursuant to stipulation of the parties, on January 26, 1949, the trial court ordered defendant to pay plaintiff $125 per month for the support of his two minor children. On such date defendant's monthly average income was $297.09. At the time of the hearing of the motion for modification his average income had fallen to $82.69. In addition the undisputed evidence disclosed that defendant, a physician and surgeon, was a patient in the Veterans Administration, Wadsworth Hospital, wearing a brace, and that his ability to practice his profession depended on the amount of pain he was suffering. The evidence also disclosed that defendant was in need of an operation since he was suffering from a ruptured intervertebral disc; that at the time of the hearing he was unable to continue the general practice of medicine due to his physical condition; that except for his medical equipment valued at a few hundred dollars he had no assets except (a) accounts receivable of which only $50 was collectible, (b) a

motor vehicle the value of which was less than the chattel mortgage thereon.

 *Question: Did the trial court abuse its discretion in denying defendant's application for a modification of the order by which he was paying alimony for the support of his children?*

This question must be answered in the affirmative. The law is settled that the court may modify an order for alimony because of changed circumstances, and the propriety of such a modification rests largely in the discretion of the trial court. (*Triest* v. *Triest,* 67 Cal.App.2d 320, 322 [154 P.2d 2].)

The trial judge stated at the conclusion of the hearing after he had suggested that both parties agree to a modification of the order so that defendant would pay $100 per month, ''I cannot make an award of less than that. I do not care if he cannot pay a thing I would not make it less than that. He is not going to be relieved of it until he dies. Anything less than that would not be possible.'' Clearly the court refused to consider competent evidence and ignored the correct rule of law. His order should have been predicated upon the *ability of defendant to pay* as well as upon the necessity of the minor children. From the undisputed evidence and the trial court's statement this rule was not applied in the instant case.

In view of the fact that upon a rehearing questions pertaining to admissibility of the evidence will arise, we hold that:

 1. The court erred in not receiving as evidence a letter from the war department dated August 3, 1944, which showed that the unhealthy physical condition of defendant existed prior to said date. Such letter would have tended to show defendant's good faith in relying upon his present physical disability. It would be admissible not as evidence of the truth of the matter stated in the letter but as evidence of the information upon which defendant acted, thus tending to show his good faith or lack thereof. (*Central H. Imp. Co.* v. *Memorial Parks, Inc.,* 40 Cal.App.2d 591, 609 [105 P.2d 596]; *Cope* v. *Davison,* 30 Cal.2d 193, 200 [180 P.2d 873, 171 A.L.R. 667].)

 2. Defendant offered to prove that plaintiff had received money from roomers in her house. Clearly such evidence was admissible since the amount of the mother's income, no matter from what source received, was material as bearing upon the amount necessary for the father to contribute to the children's support.

The order is reversed.

Moore, P. J., and Wilson, J., concurred.