276 P.2d 485

**Doris Lucile WENZEL, Plaintiff and Respondent,**

**v.**

**Paul Gus WENZEL, Defendant and Appellant.**

Nos. 8038, 8166.

Supreme Court of Idaho.

Nov. 16, 1954.

Charles F. Reddoch and Charles S. Stout, Boise, for appellant.

Hawley & Marcus, Boise, for respondent.

**8**

KEETON, Justice.

On April 13, 1944, plaintiff, respondent here, hereinafter referred to as the mother, was granted a decree of divorce from defendant, appellant, hereinafter referred to as the father. Four children the issue of the marriage were awarded to the custody of the mother and provision made for their support. This proceeding was brought by the father to have the decree modified and the children's custody awarded to him. The mother resisted the application and by a separate motion asked to have support money payable by the father increased; also filed a motion for attorney fees and costs. On issues joined the matter was heard. The court increased the support money formerly allowed from $70 to $100 per month, allowed the mother attorney fees for the defense of the motion, and denied the application to change the custody of the children. The father appealed. The trial court on application made, allowed the mother attorney fees and costs on appeal. The father appealed from this order.

It is the contention of the father that no action was pending; that when the divorce was granted and the decree became final, the court had no further jurisdiction to award attorney fees for the defense of a subsequent proceeding, and that the court erred in not awarding custody of the children to him.

Both propositions so contended for by the father have been decided by this Court in numerous decisions adverse to the contentions. Extensive analysis of authorities covering the subject matter would simply be a repetition of what has many times been decided by this and other courts in similar situations and would serve only to consume space in emphasizing the obvious.

The father by his acts in seeking to modify a former decree has recognized that the action, for the purpose of this pro-

ceeding, is still pending within the meaning of Sec. 12–606, I.C. Attorney fees and costs may be awarded to a wife in defending a petition to modify a prior decree of divorce with respect to the awarding of custody of minor children of the marriage. Gifford v. Gifford, 50 Idaho 517, 297 P. 1100; McHan v. McHan, 59 Idaho 41, 80 P.2d 29; Richardson v. Richardson, 72 Idaho 19, 236 P.2d 718; see Annotation 15 A.L.R.2d 1270.

■ The trial court may also, under prescribed conditions, allow attorney fees and costs on appeal from the trial court's decision. Sec. 32–704, I.C.; Roby v. Roby, 9 Idaho 371, 74 P. 957; Vollmer v. Vollmer, 43 Idaho 395, 253 P. 622; Finnell v. Finnell, 59 Idaho 148, 81 P.2d 401.

■ There was no change in the circumstances or conditions subsequent to the decree that would warrant the conclusion that the custody of the children should be changed from one parent to the other. The evidence proved, and the court found, that the children were being well cared for and properly raised and trained by the mother. The orders appealed from are affirmed. Costs to respondent.

PORTER, C. J., and GIVENS and TAYLOR, JJ., concur.

THOMAS, J., concurs in the conclusion reached.