283 P.2d 1101

Lucille Margaret WRIGHT, Plaintiff-Respondent,

v.

Lytel Charles WRIGHT, Defendant-Appellant.

No. 8229.

Supreme Court of Idaho.

May 11, 1955.

Rehearing Denied June 10, 1955.

394

Anderson & Anderson, Pocatello, for appellant.

Gee & Hargraves, Pocatello, for respondent.

KEETON, Justice.

Appellant and respondent were married October 5, 1936, divorced in December, 1945. The custody of a child, Neil Wright, the issue of the marriage was awarded to the mother, respondent, and appellant, father, ordered to pay $50 a month for the support of the child. A motion by appellant to modify the decree was filed on July 28, 1947, asking that the child's support payment be reduced from $50 to $25 per month, and that appellant have custody of the child during summer vacations and that he be relieved from paying the $50 per month while he had such custody.

On September 18, 1947, the court made an order modifying the original decree by

the terms of which the custody of the child was awarded to appellant during the summer months of each year when the child was not attending school; that appellant be relieved from paying the $50 a month during the time he had such custody. The court in this proceeding found the order modifying the original decree was never served on respondent and she testified she had no knowledge of it. Appellant never secured custody of the child for the summer months and the child at all times lived with the mother and step-father. Respondent contends, and the court found, that the order modifying the original decree is void.

After the original decree had been so modified, appellant, on June 3, 1948, went to Winnemucca where respondent and child were then living, respondent having remarried, and demanded that he be permitted to take the child to Pocatello for the summer vacation, which demand respondent refused. Thereafter appellant made no further payments for the support of the child, nor did he again attempt to secure custody. Appellant's alleged reason for not making the support payments as ordered is that he was advised by an attorney in Winnemucca to make no further payments until respondent complied with the order of September 18, 1947, and delivered custody of the child to him as ordered.

In December, 1953, respondent demanded that the sums in arrears for the child support be paid and execution on the judg-ment was issued, and appellant's wages garnisheed.

Appellant in March, 1954, initiated the present proceeding, praying that further executions on the decree be prohibited and that respondent be required to show cause why she should not be adjudged in contempt of court for not complying with the modifying order of September, 1947.

Thereafter numerous proceedings were had, charges, counter-charges and motions, including a motion for attorney fees, made and resisted. Issues having been joined, the matter was heard by the trial court. Findings of fact, conclusions of law and decree, designated an order, were entered.

The court found and decreed that the modification order of September 18, 1947, is invalid and void; that the petition of appellant to prohibit the issuing of executions on the original decree be denied, set aside a former order so directing, allowed respondent attorney fees and expenses of travel from Winnemucca to Pocatello to resist appellant's petition; held that the provision for support money allowed by the decree of December 7, 1945, is valid; that appellant is in contempt of court for failure to comply with said decree; that respondent is not in contempt. The appeal is from this decree.

In appellant's assignments of error he challenges the findings of fact as not supported by the evidence; complains of the court's failure to make certain other findings and conclusions; contends that the

removal of the child from Idaho to Nevada deprived him of the right to visit the child; that respondent should have been adjudged in contempt of court; that no attorney fees and expense money should have been allowed; that the order of September 18, 1947, is a valid order and should have been complied with by respondent; that appellant was not in contempt of court and that the trial court should have restrained the clerk of the court from issuing execution on the original decree.

■ The order of September 18, 1947, here attacked was entered at a time when respondent, although not personally present, was represented by counsel. No findings of fact or conclusions of law to sustain it were made and there was no showing, if the motion were resisted, sufficient to sustain the modification. This however would not render the order void and subject to collateral attack. The order could, or should, have been attacked by appeal or appropriate proceeding in the district court. It was voidable, but not void. However, we consider the question of no importance. The order of September 18, 1947, was attacked in this proceeding and set aside by the trial court. Appellant did not have custody of the child during the summer vacation at any time subsequent to the original decree; the modified order specifically provided that he should be relieved from paying the $50 a month while he had such custody. Respondent and others supported the child at all times subsequent to June, 1948.

■ By the terms of the original decree made in December, 1945, appellant was required to provide support for the child. No attempt was made prior to the present proceedings to secure an order of the court relieving him from such support payments because the child was not delivered to him for the period of time specified in the amended order; nor, as above stated, did he attempt after June, 1948, to secure custody. Hence appellant is not relieved from making the payments ordered in the original decree.

The decree did not prohibit respondent from taking the child with her to Nevada and the order for the payment of $50 a month was not conditioned on the child being domiciled in Idaho.

Appellant contends that no attorney fees or expense allowance should be awarded respondent in defense of his petition in the district court for the reason, he contends, there was no divorce action pending. Appellant initiated this proceeding asking for certain relief against the order entered and to have himself relieved of the child's support, also, to prevent enforcement of the original decree, and for other relief.

■ Where the husband is the moving party on matters relating to modification of a divorce decree, the court has discretionary authority and jurisdiction to allow the wife attorney fees and expenses nec-

essary in the defense of the action. Wenzel v. Wenzel, 76 Idaho ——, 276 P.2d 485; Gifford v. Gifford, 50 Idaho 517, 297 P. 1100; Bradstreet v. Bradstreet, 34 Ariz. 340, 271 P. 717; Sec. 32–704, I.C. For the purpose of the petition or motion the action is still pending.

In the present situation it was necessary for respondent to travel from Winnemucca, Nevada, to Pocatello to defend appellant's petition and the court was vested with discretion to allow her attorney fees and necessary expenses.

Whether or not the court had power to temporarily stay execution on the judgment we do not decide. The discretion, if it does exist, was exercised in the matter before us contrary to appellant's contention. There was no abuse of discretion.

No sufficient grounds to stay the execution on the judgment were alleged or shown. The judgment could be enforced by either execution or contempt proceedings. If the rule were otherwise, it would be a useless gesture for a court to make an order requiring the father to perform the duties incumbent upon him by law to perform.

Having refused to make the payments required, it is no defense that he was advised by some attorney not to make any further payments. Such advice, if it were given, could not set aside or nullify a decree of the district court. The trial court was correct in his conclusion that appellant is in contempt.

Respondent never having been served with the alleged modifying order of September, 1947, and having no knowledge of it, and the trial court in this proceeding having set the same aside, respondent was not in contempt for an alleged violation of said order.

The testimony at the trial and the showing made by respondent fully supports the findings and conclusions made by the trial court. While the order of September, 1947, is set aside on the grounds that it is void, there were sufficient other grounds as to why the order should not now be enforced. Further the question of who should have custody for summer months subsequent to June, 1948, is moot.

We find no reversible error. The decree of the trial court is affirmed. Costs to respondent.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.

On Petition for Rehearing

KEETON, Justice.

Appellant in his petition for rehearing, among other things, contends that disobedience to an order modifying a divorce decree relative to the custody of a child, not served upon the party against whom the order is directed, and when such party has

ho actual knowledge of the order of modification by service or otherwise, is nevertheless a contempt of court; further, that it is the duty of any such party to ascertain what is to be done, and that every party to such proceeding is charged with knowledge of every order that is filed; that the absence of service or knowledge of the order modifying the original decree constitutes no defense in a contempt proceeding. Hence, appellant contends, the trial court should have adjudged respondent in contempt of court; that a rehearing should be granted.

Appellant in his petition for rehearing states:

"The court, of course, does not cite any opinions or authorities for its opinion, for the simple reason there are none."

The following authorities support the opinion as written: Hay v. Hay, 40 Idaho 159, 232 P. 895, syl. 11; Trullinger v. Howe, 58 Or. 73, 113 P. 4, syl. 3 and 4; 17 C.J.S., Contempt, § 18, page 23, cases cited in note 72; 13 C.J. 17, § 22, Contempt, note 62. Many other authorities could be cited. The principles of law announced in the opinion are so basic and axiomatic that a further review of authorities would only emphasize well established, long recognized legal principles.

The petition for rehearing is denied.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.