290 P.2d 212

Carmen C. WARNER, Plaintiff-Appellant,

v.

Buell WARNER, Defendant-Respondent.

No. 8355.

Supreme Court of Idaho.

Nov. 14, 1955.

A. A. Merrill, Idaho Falls, for appellant.

Jack G. Voshell, Idaho Falls, for respondent.

TAYLOR, Chief Justice.

When this cause was here before, we were uncertain as to what disposition should be made of the custody of the adopted child of the parties. It appearing from the record then before us that the question of the custody had not been fully considered by the trial court, the cause was remanded for further consideration of that issue. Warner v. Warner, 76 Idaho 399, 283 P.2d 931.

Pursuant to the mandate a further hearing was had June 8, 1955, at which both parties produced further evidence and the court, upon consideration thereof and a review of the record of the former trial, again found that it would be in the best interests of the child to give custody to the defendant. From the decree entered thereon plaintiff has again appealed.

The situation as now developed was concisely stated by the trial court as follows:

"That the conduct of both parties, prior to the commencement of this action, has been such as to make it doubtful that either would, in the past, be considered to be a fit and proper person to have the care and custody of a minor

child, but that it now appears that both of the parties have made serious efforts toward reformation and rehabilitation on their personal lives."

 The record shows the character of both parties and their respective surroundings and ability to care for the child considerably improved between the time of the divorce and the second hearing, warranting the conclusion that both may now be regarded as fit to have custody. Comparing the two, the court found that defendant "is presently in a better position to provide a suitable and adequate home for said child than the plaintiff." We might elaborate upon the background and past conduct of the parties and upon their present position and surroundings, and possibly reach a different conclusion than did the trial court; but, having regard to the fact that the trial judge had these parties and their witnesses before him, and that there is substantial and competent evidence in the record to support his findings, we will not disturb them. Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617; Jeppson v. Jeppson, 75 Idaho 219, 270 P.2d 437.

Appellant also assigns the ruling of the court requiring defendant to pay to her $250 for costs and attorney's fee on this appeal, and allowing that amount, when paid, to be credited against the sum due her under the original decree. No appeal was taken from the order, and no application for such allowance was made to this court.

Hence, the issue is not here. Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243; Richardson v. Richardson, 72 Idaho 19, 236 P.2d 718.

Judgment affirmed. Costs to respondent.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.