293 P.2d 953

Iva KALOUSEK, Plaintiff-Appellant,

v.

John J. KALOUSEK, Defendant-Respondent.

No. 8245.

Supreme Court of Idaho.

Feb. 21, 1956.

Tom F. Alworth, Filer, for appellant.

Rayborn, Rayborn & Kramer, Twin Falls, for respondent.

TAYLOR, Chief Justice.

The parties were divorced April 26, 1954. The custody of the minor daughter, Wilaine Dorma Kalousek, 12 years of age, was awarded to the plaintiff (appellant) during the period from September 1st of each year to June 1st of the following year and to the defendant (respondent) from June 1st to September 1st of each year. Defendant was required to pay to the plaintiff $50 per month for the support of the child while in her custody. The community property was divided equally between the parties, the court retaining jurisdiction to make the division in case the parties were unable to agree upon a division between themselves.

Prior to the divorce the plaintiff had been living and working at Ogden, Utah. After the divorce plaintiff took the child to Ogden, where she resumed her employment. The decree contains no limitation against taking the child beyond the borders of the state, and gives each party the right of visitation during the time the child is in the custody of the other. Some time after returning to Ogden plaintiff changed her place of residence there, and by correspondence advised her attorney and the defendant that she could be contacted through an adult daughter of the parties who resided in Denver, Colorado, giving them the daughter's local address. Letters to her husband and attorney were postmarked in Denver, apparently being sent to the daughter and posted by the daughter in Denver. In a letter postmarked Denver, April 29, 1954, she warned the defendant she would "never consent to Rose having my baby." Rose is a sister of the defendant with whom he proposed to live with the child. Plaintiff's reason was that she regarded Rose as unfit. In a letter to the defendant postmarked at Se-

attle, Washington, May 14th, she advised him, "I will stay here for the summer if I can get work." In her testimony she said she gave this letter to friends to post, and she did not know it had been posted in Seattle.

Custody of the child not having been delivered to him on June 1st, the defendant on June 10th filed a motion for modification of the decree, to give him exclusive custody, and all of the community property. In his supporting affidavit he alleges as material changes in conditions since the decree, that plaintiff will not comply with the decree in respect to custody; that she has refused to tell him where she is or where he might see the child; that she has taken the child to parts unknown for the purpose of preventing him from seeing, or having custody of the child, pursuant to the decree; and that the welfare of the child is being disregarded.

A notice calling up the motion for hearing on July 18th was served upon plaintiff's attorney of record, residing at Twin Falls, Idaho. Her attorney filed an "appearance" in which he moved the court for an order dismissing and denying the motion, on the ground that the facts alleged do not warrant the requested modification of the decree, but only an adjudication of contempt for failure to abide by the custody provision. The appearance also states that her counsel had forwarded the notice and other instruments to the address which plaintiff had given him, but had received no reply and

requested a postponement of two weeks. Although the notice of motion was served upon plaintiff's attorney on June 10th, it was not forwarded by him to the plaintiff until June 15th. Plaintiff in her reply, and in her testimony at a later hearing, said she received the notice June 19th. The hearing was postponed to June 23rd. Notice of the postponement was received by plaintiff on June 24th or 25th. At the hearing on June 23rd, in plaintiff's absence, a stipulation was entered into by counsel for the parties: that "plaintiff, Iva Kalousek, has failed and refused to comply with the divorce decree heret- 'ore entered into, in that she has not delivered the custody of the minor child of these parties referred to in said divorce decree to the defendant". Her counsel then introduced some letters received from her and advised the court that plaintiff had not given him her address, nor advised him where the child was.

In resisting defendant's motion her counsel then urged that there was no showing of changed conditions to support a change of custody; "there is merely, purely a showing of contempt, and I would suggest that in that respect that contempt in and of itself does not warrant the modification of a custody award." At this hearing, counsel for defendant abandoned the part of the motion seeking all of the community property. The issue was taken under advisement.

Subsequently plaintiff's attorney delivered to the court a quitclaim deed and bill

of sale executed by the plaintiff conveying to defendant her interest in all of the community property for a total consideration of $6,143.50. July 16, 1954, the court made an order that these instruments be delivered by the clerk of the court to the defendant upon his payment to the clerk of the consideration therefor, "which sum the clerk is hereby directed to hold until the further order of this court."

On August 16th the court made findings in part as follows:

"That the Stipulation of counsel entered in the record as to the facts and the Affidavit of the defendant and the evidence submitted to the Court conclusively establishes that the plaintiff at the time the Decree was entered, April 26, 1954, intended to retain custody of the minor child, Wilaine Dorma Kalousek, at all times, and in violation of the terms of the Decree which awarded the custody of the child to the defendant from June first to September first of each year. That the plaintiff's purpose in violating the terms of the Decree by secreting the child from the Court and the defendant was to Alienate the affections of the child for its father."

and on August 17th entered its order modifying the decree, giving full custody to the defendant with right of visitation to plaintiff.

On that date plaintiff's attorney filed and served notice of withdrawal.

On September 2nd plaintiff by other counsel filed a motion in effect requesting the restoration of custody provisions of the decree. A hearing was had upon this motion September 21, 1954, at which both parties appeared with their counsel, and the parties and their witnesses were sworn and testified. On September 22nd the court ordered the money held by the clerk, representing plaintiff's share of the community property, delivered to her, which was done September 23rd. On September 22nd the court made findings as follows:

"That there has been no material, permanent and substantial change of the condition of the parties hereto since the entry of the Decree on April 2, 1954, and the entry of the Order modifying the Decree on August 16, 1954."

and that continuously since the decree the plaintiff had kept her whereabouts and that of the child secret both from her attorney and from the defendant. The "decision on plaintiff's motion for modification of decree" also appears in the transcript bearing date of September 22, 1954. In it the court recites that plaintiff purposely concealed the whereabouts of herself and the child, "with the intent to retain custody of the child, in violation of the terms of the original decree and for the purpose of alienating the child's affections for its father, the defendant." The court concluded plaintiff was not entitled to the relief asked and denied her motion.

This appeal is from the order of August 16th, modifying the decree and the order of September 22nd, denying plaintiff's motion to award custody to her.

Appellant urges that the court erred in modifying the decree without requiring actual notice to her and an opportunity to be heard. Where a non-resident has appeared and has a resident attorney in the action, service upon such attorney is valid. R12–505 I.C. In Keane v. Allen, 69 Idaho 53, 202 P.2d 411, we held that the authority of an attorney does not cease upon the entry of judgment, but continues until the judgment becomes final or until the attorney withdraws in the manner provided by statute. See Reynolds v. Reynolds, 21 Cal. 2d 580, 134 P.2d 251. Here the judgment was not final in respect to either the custody or property, and the plaintiff in her correspondence continued to recognize her attorney with relation to the property division. The service of notice upon him was sufficient.

However, she advised her attorney in a letter dated May 15, 1954, that she could appear in Twin Falls upon a week's notice given to her at her daughter's address in Denver. But, the attorney did not forward the notice to her until five days after it was served upon him, and three days before the date of hearing, and she did not receive notice of the continuance until after the hearing had been held. Her testimony upon the hearing in September is undisputed to the effect that she did not have money available at all times for the expenses of coming to Twin Falls, but would require a few days' notice in order to borrow money. Her financial condition was known to defendant.

The defendant testified that he made no effort to contact her through the daughter or otherwise and he neither sent, nor offered to send, her any money to bring or send the child to him.

Although it may appear that the court was justified in finding that she intentionally concealed the whereabouts of herself and the child, and intended to disobey the decree, under the circumstances appearing she was not afforded a reasonable opportunity to appear at the hearing. R5–905 I.C.; Orange Transp. Co. v. Taylor, 71 Idaho 275, 230 P.2d 689; Wright v. Wright, 76 Idaho 393, 283 P.2d 1101; State ex rel. Graves v. First Judicial Dist. Court, 61 Nev. 269, 125 P.2d 723; 27 C.J. S., Divorce, § 317c(2), p. 1193.

A party seeking to modify the custody provisions of a divorce decree must show a material and substantial change in the condition of the parties subsequent to the decree affecting the welfare of the child. Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323; Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R.2d 996; Wilson v. Wilson, 73 Idaho 326, 252 P.2d 197. The change here urged is that the mother by her conduct had sought to alienate the child's affection for her father.

At the hearing on September 21st, the child, then 12 years old, was sworn and examined in open court in the presence of the father and mother. Asked, "Do you have any desire or do you want to go and live with your father, this gentleman here?" she answered, "No." Cf. Krieger v. Krieger, 59 Idaho 301, 81 P.2d 1081. There was no other evidence of any activity or conduct on the part of the plaintiff tending to or intended to alienate the child's affection for her father. This, we think, is insufficient to support the change in custody.

 Although plaintiff's conduct may have justified a proceeding against her in contempt, it would not warrant transferring the custody to the defendant, there being no showing that the welfare of the child was adversely affected by such conduct. Custody of children in divorce cases must always be determined upon the basis of the welfare of the children. It cannot be used as a means of punishment or reward of either parent. Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R.2d 996; Washburn v. Washburn, 49 Cal.App.2d 581, 122 P.2d 96; Norman v. Norman, 27 Wash. 2d 25, 176 P.2d 349; Grimditch v. Grimditch, 71 Ariz. 198, 225 P.2d 489; Sorrels v. Sorrels, 105 Cal.App.2d 465, 234 P.2d 103; Sweeny v. Sweeny, 43 Wash.2d 542, 262 P.2d 207; Perr v. Perr, Mo.App., 205 S.W.2d 909; Blundi v. Blundi, 243 Iowa 1219, 55 N.W.2d 239. Contempt of court on the part of the custodial parent will not alone justify taking custody from such parent. Evans v. Taylor, Tex.Civ.App., 128 S.W.2d 77.

The orders are reversed with directions to reinstate the custodial provisions of the original decree.

Costs to appellant.

KEETON, PORTER and SMITH, JJ., concur.

ANDERSON, J., dissents.