336 P.2d 112

Verda DANIELS, Plaintiff-Respondent,

v.

Dwight W. DANIELS, Defendant-Appellant.

No. 8692.

Supreme Court of Idaho.

Feb. 24, 1959.

Kramer & Walker, Twin Falls, for appellant.

May & May, Twin Falls, for respondent.

McQUADE, Justice.

This appeal is from an order of the trial court awarding the respondent $420 attorney fees and costs for an appeal from an order of modification.

Appellant and respondent were heretofore divorced. Pursuant to a property settlement agreement, the appellant paid respondent $4,000 plus $100 per month alimony, to be paid during the respondent's life or until she remarried. In October, 1955, the decree, which included the property settlement agreement, was modified by stipulation of the parties, reducing the alimony payments from $100 per month to $75 per month.

In 1952, the appellant was injured in an automobile accident. With the aid of his present wife, he operates a roofing business from a hospital bed in his room.

The proceeding from which this appeal is taken was commenced by an order to show cause why the appellant should not be held in contempt for failure to pay alimony under the terms set forth in the divorce decree. The appellant thereupon made application for reduction of the sum of alimony required to be paid under the decree.

A hearing was held on the contempt proceedings, and the court ordered the appellant to pay the sum of $700.75, of which sum the respondent admits the receipt of $630. Upon this payment, the court then heard the appellant's application for modification of the decree, and reduced the alimony payments from the sum of $75 per month to the sum of $25 per month, from which order the respondent seeks to take an appeal.

Respondent is presently employed as a housekeeper, and as compensation therefor receives the sum of $125 per month in addition to her board and room. At the time of the hearing held by the court relative to the petition for allowance of attorney fees and costs, she had the sum of $15.

The appellant's income tax return for 1957 shows he had total receipts of $128,530.42, and that after deductions he had an adjusted gross income of $3,509.30.

From the evidence adduced at the hearing, the trial court entered an order requiring the appellant to pay the sum of $420 for attorney fees and costs of the respondent's appeal.

This Court said, in the case of Lovell v. Lovell, 80 Idaho 251, 328 P.2d 71, 73, quoting from the case of Finnell v. Finnell, 59 Idaho 148, 81 P.2d 401:

" 'It is apparent from the showing *pro* and *con* as to appellant's request for attorneys' fees and costs in the appeal herein that neither party have means of any considerable extent and that litigation is a burden to both. The wife, however, has the right to have her interests presented and protected and sec. 31–704, I.C.A., contemplates the husband must, if possible, at least help bear the expense. Bedke v. Bedke, 56 Idaho 235, 53 P.2d 1175.' "

■ There is ample evidence upon which to base the finding of the trial court, and

such conclusion will not be disturbed upon appeal. Howay v. Howay, 74 Idaho 492, 264 P.2d 691; Jensen Motor Sales v. Chandler, 77 Idaho 303, 291 P.2d 1116; Anselmo v. Beardmore, 70 Idaho 392, 219 P.2d 946; Ryan v. Day, 74 Idaho 159, 258 P.2d 1146; In re Davenport's Estate, 79 Idaho 548, 323 P.2d 611; McRoberts v. McRoberts, 80 Idaho 511, 335 P.2d 342.

Appellant urges that the court erred in making an award of attorney fees and costs when there had been a finding by the trial court in the modification of the decree that the respondent·had committed immoral acts with another man during the time such hearing was being held for the modification of the alimony payment. This subject matter is part of the basis for the trial court's conclusion that the alimony payments should be reduced from $75 to $25, from which conclusion of law respondent appeals. There is no judgment or order before this court which was entered based upon the findings of fact and conclusions of law. The question of immorality was relied upon by the appellant as one of the elements for a modification of the alimony payment. Therefore, it would be premature for this Court to determine that issue.

▉ Appellant also urges error in the awarding of attorney fees because the parties had entered into a property settlement agreement wherein it was provided, among other things, that the appellant was discharged from any further liability ·to pay attorney fees and court costs "in connection with said divorce action."

The agreement is binding upon the respondent as a part of the consideration thereof, and is binding upon all proceedings growing out of the divorce action as well as the divorce. The courts should always uphold contracts when entered into between two parties where the contract is clear and not susceptible of two divergent interpretations. The instant case provides two views as to the property settlement agreement's provisions. Appellant takes the view that this provision is applicable to the divorce proceeding, and any action which may be included therein. Respondent takes a literal view of the property settlement language, and argues that the proviso relates only to the divorce action itself and not to any subsequent or antedated proceedings. It is against public policy to contract away legal rights and remedies in broad general terms.

In Hay v. Hay, 40 Idaho 159 at page 169, 232 P. 895, at page 897, this Court held the existence of a property settlement agreement did not deprive the district court of jurisdiction to grant the wife suit money and attorney fees in an action for divorce.

The Missouri case of Crooks v. Crooks, Mo.App., 197 S.W.2d 686, holds the wife was entitled to attorney fees in resisting the application of the husband· for modification

of a divorce decree in regard to custody of minor children, notwithstanding an agreement by which the wife for consideration released all demands against the husband prior to the divorce. The Court held this instrument could not have the effect of precluding the wife from receiving attorney fees in this proceeding, as any such agreement would

"* * * be the equivalent of a bargain between the two that she should refrain from making a defense * * *"

and would be against public policy.

Appellant suggests that attorney fees and costs may be allowed only where there is express statutory authority. He argues that I.C. sec. 32–704 fails to authorize attorney fees and court costs for proceedings on modification of a decree:

"While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action."

Appellant argues that the trial court erred in entering the order for costs and attorney fees in that the court had no authority to make such an award for appeal of proceedings based upon a final decree of divorce. See Lovell v. Lovell, 80 Idaho 251, 328 P.2d 71; Finnell v. Finnell, 59 Idaho 148, 81 P.2d 401; Bedke v. Bedke, 56 Idaho 235, 53 P.2d 1175.

Idaho Code sec. 32–706 provides as follows:

"Where a divorce is granted for an offense of the husband, including a divorce granted upon the husband's complaint, based upon separation without cohabitation for five years, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in these respects."

In McHan v. McHan, 59 Idaho 41, 80 P.2d 29, this Court said a husband seeking modification of a divorce decree recognizes the action is still pending, and that an allowance of support money and attorney fees rests within the sound discretion of the court.

This Court has said, in Richardson v. Richardson, 72 Idaho 19, 236 P.2d 718, that a divorce action is still pending within the meaning of the statute when the motion is made to modify the decree respecting the care and custody of the children, and the Court has authority to allow the wife's attorney fees in the contest. See also

Wenzel v. Wenzel, 76 Idaho 7, 276 P.2d 485; Wright v. Wright, 76 Idaho 393, 283 P.2d 1101.

The order of the trial court is affirmed.

Costs to respondent.

PORTER, C. J., and TAYLOR, SMITH and KNUDSON, JJ., concur.