380 P.2d 216

**Ruth EMBREE, Plaintiff-Appellant,**

v.

**Clayton EMBREE, Defendant-Respondent (two cases).**

Nos. 9145–9146.

Supreme Court of Idaho.

March 29, 1963.

May & May, Twin Falls, for appellant.

Kramer & Walker, Twin Falls, for respondent.

SMITH, Justice.

Two appeals are consolidated for hearing and disposition.

No. 9145 is an appeal from an order of the trial court granting defendant's (respondent) motion for modification of a divorce decree as regards its provisions pertaining to child support.

No. 9146 is an appeal from an order of the trial court denying plaintiff's (appellant) motion for allowance of costs and attorney fees on appeal.

May 21, 1954, after thirteen years of married life, plaintiff obtained a divorce from defendant. Plaintiff was awarded the custody of a male child, the only issue of the marriage, and child support of $50 a month ordered paid by defendant during the child's minority.

July 21, 1961, four months prior to the time the boy attained the age of 18 years, defendant presented a motion, supported by his affidavit, for modification of the divorce decree as respects the child support. Defendant, as grounds for the motion, alleged that the boy had become self-supporting; that defendant had sustained an industrial injury causative, to a medical probability, of a lengthy period of physical incapacity; that he is not steadily employed; that he is unable to make the child support payments in the future, and that such alleged facts "constitute a material permanent change in the circumstances of these parties which would warrant the court in issuing an order modifying the decree."

Plaintiff, by her counter affidavit, admitted the boy's age; that he owned an automobile and was able to pay part of his expenses by his work; admitted defendant's industrial injury but alleged that he received a salary in regular employment; that defendant had remarried and that his present wife was employed and that plaintiff, although remarried, was seeking a divorce from her present husband. She prayed for an order denying defendant's motion for modification.

September 29, 1961, the trial court, after a hearing on defendant's motion, entered an order modifying the decree of divorce.

The court ordered that defendant be relieved of all child support payments after November 24, 1961, when the child shall have attained the age of 18 years. November 17, 1961, plaintiff appealed from this order, (Appeal No. 9145).

November 24, 1961, plaintiff presented to the trial court a motion, supported by her affidavit, for costs and attorney fees on appeal. Defendant, in opposition thereto, filed a counter affidavit alleging his physical handicap due to industrial injury and inability to pursue full time employment; his take-home pay of $86.00 a week; his inability to pay the sums which plaintiff requested; his indebtedness approximating $2900; his lack of property other than an automobile; the income of plaintiff and the son, each of whom own an automobile, and the payments being made on the son's car; that plaintiff has never required the son to contribute toward his maintenance and support although he is 18 years of age and steadily employed. December 8, 1961, after a hearing the court entered an order denying plaintiff's motion. Plaintiff appealed from such order (Appeal No. 9146).

Plaintiff, on Appeal No. 9145, assigns error of the trial court in entering the order modifying the decree of divorce, contending that "no permanent change of circumstances was shown," as well as urging the child's minority, his school attendance, and his alleged physical frailty.

Plaintiff in effect urges that once a decree has been entered providing for payment of child support until the child attains majority (as the original decree herein provides), such payments must continue in spite of any contingency until the child attains such age which, in the case of a male, is 21 years, I.C. § 32–101.

I.C. § 32–705, which plaintiff cites in support of her position, reads:

"In an action for divorce the court may, before *or after judgment, give such direction for the custody,* care and education of the children of the marriage as may seem necessary or proper, *and may at any time* vacate or *modify the same."* (Emphasis supplied.)

Such section of the statute does not support plaintiff's position; rather, the emphasized portions show retention of jurisdiction for the purpose of modifying the judgment at any time after its entry, as regards the provisions of child custody, care and education, until the child attains the age of majority. Arkoosh v. Arkoosh, 66 Idaho 607, 164 P.2d 590; Application of Martin, 76 Idaho 179, 279 P.2d 873, 53 A.L. R.2d 582. Nor does Piatt v. Piatt, 32 Idaho 407, 184 P. 470, cited by plaintiff, support her position as shown by the observation of the court that in the matter of providing maintenance for the children, "the power of the court ends upon their attaining their majority."

**448**

■ The fact that the child is a minor is not the sole criterion of the court's power or jurisdiction to modify the child maintenance obligation of the original decree; rather the fact of dependency of the child constitutes the governing criterion to be considered in imposing the obligation, and thereafter in continuing, modifying or terminating such obligation. A summary of such basic concept is to be found in Ditmar v. Ditmar, 48 Wash.2d 373, 293 P.2d 759, in language of the Supreme Court of Washington, as follows:

"The court's jurisdiction to enforce support-money judgments is predicated upon the continued dependency of the children in question. It follows that a mother cannot compel payments of support money for children whose dependency upon her has ceased by reason of death, emancipation by marriage, attainment of majority, service in the Armed Forces of the United States, adoption, incarceration in penal or other custodial institutions, or economic sufficiency resulting from earnings, gifts, or inheritance. In the absence of specific provisions to the contrary, there is a necessary implication in every decree for child support, that its binding effect shall extend into the future only for the period during which the children's dependency upon their custodian continues. [Citations.] "

In Thomas v. Thomas, Mo.App., 238 S.W.2d 454, defendant, the divorced husband, succeeded in obtaining a modification of the divorce decree. Plaintiff, the divorced wife, maintained that the obligation of child support of the original decree continued until the child's attainment of majority. The Missouri Court rejected plaintiff's theory of child support in language as follows:

"The defendant [wife] appealed, and urges that the court erred in sustaining plaintiff's motion because it is the primary duty of a father to furnish support for a child until said child attains his majority, 'absent a change in condition.' That is a correct statement of a general principle of law, but it does not mean that under all conditions and circumstances a court *must* require the father to contribute to the support of a son merely because he is under 21 years of age."

See also Ashton v. Ashton, 59 Idaho 408, 83 P.2d 991, which recognized that under C.S., sec. 4643, now I.C. § 32–705, the court has power at any time to modify the original decree in its aspects of child maintenance. In Application of Martin, 76 Idaho 179, 279 P.2d 873, 53 A.L.R.2d 582, the court held that "[d]ecrees and orders affecting the custody and support of children are subject to the continuing control of the court and do not become final."

Thus, the child's age is not the sole criterion of the trial court's power or jurisdiction to modify the child maintenance obligation of the original decree.

■ In fixing the amount to be paid under the obligation of child support, of primary consideration is the financial ability of the payor. A clear recognition of this basic concept appears in Humbird v. Humbird, 42 Idaho 29, 243 P. 827, quoted with approval from Ex parte Spencer, 83 Cal. 460, 23 P. 395, 17 Am.St.Rep. 266, as follows:

"In fixing this compensation or allowance, the court may regard the earning of the husband, or his ability to earn money (Eidenmuller v. Eidenmuller, 37 Cal. 364); and may subsequently reduce the amount (Eidenmuller v. Eidenmuller, 37 Cal. 364); or increase it (Ex parte Cottrell, 59 Cal. 417) as, in its opinion, the changed circumstances of the parties shall warrant, * * *."

See also Ashton v. Ashton, 59 Idaho 408, 83 P.2d 991; Hampshire v. Hampshire, 70 Idaho 522, 223 P.2d 950, 21 A.L.R.2d 1159; Application of Martin, 76 Idaho 179, 279 P.2d 873, 53 A.L.R.2d 582; Gilbert v. Gilbert, 98 Cal.App.2d 444, 220 P.2d 573.

Additionally, in fixing the amount of the payments for child maintenance not only should the order be predicated upon the payor's ability to pay, but upon the necessity of the child or children. Hampshire v. Hampshire, supra; Gilbert v. Gilbert, supra.

Supportive of her argument that the minor's age is the controlling factor in determining whether defendant can be released of the obligation of child support, plaintiff advances the aspect of non-emancipation of the son. Here, however, defendant raised the issue, for consideration by the trial court, of the child's emancipation by reason of his alleged self-support through his activities, work and earnings. Emancipation of a minor child by virtue of his own self-sufficiency is a factor which the trial court may properly consider in relieving a parent from his obligation of child support. Blue v. Blue, 152 Neb. 82, 40 N.W.2d 268; Thomas v. Thomas, Mo.App., 238 S.W.2d 454; Dearborn v. Dearborn, 278 App.Div. 943, 104 N.Y.S.2d 868; Wells v. Wells, Ohio Com.Pl., 86 N.E.2d 818; 37 Cal.Jur.2d, Parent & Child, § 16; 39 Am.Jur., Parent & Child, § 64. In Ditmar v. Ditmar, 48 Wash.2d 373, 293 P.2d 759, is listed "emancipation by * * * economic sufficiency resulting from earnings, * * *" as one of the various grounds for discontinuance of child support payments; and in 67 C.J.S. Parent & Child § 88 b, p. 814, appears the statement amply supported by authorities: "Emancipation may also be implied by the parent's acquiescence in the child's working for

others, receiving its pay therefor, and spending the money as it pleases."

The evidence shows that the son of the parties was not in poor health, a fact reasonably to be inferred by the son's 16-mile "tote goat" trip over a dusty mountain road and by his skiing; as well as his employment by a service station six hours a day, five days a week, while attending high school; also, that he is self-sustaining in that he earns in such employment approximately $40 a week; that he purchased an automobile, pays for its upkeep and makes the payments on the purchase price.

We are aware of the rule that a decree of divorce should not be modified unless and until a permanent material change of circumstances is alleged and proven. Kalousek v. Kalousek, 77 Idaho 433, 293 P.2d 953; Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91; McMurtrey v. McMurtrey, 84 Idaho 314, 372 P.2d 403.

However, the trial judge, when he ordered the original decree modified by elimination of the child maintenance obligation, had before him the referred to facts, including the facts of defendant's industrial accident, his incapacity resulting therefrom and his modest take-home pay of $86 a week. In Dearborn v. Dearborn, 278 App. Div. 943, 104 N.Y.S.2d 868, the divorced husband was granted modification of the original decree by a 50% reduction in the child support payment. Said the appellate court in reversing the lower court, "* * * as the son is now employed and has a take-home pay of $26 weekly, it was an improvident exercise of discretion to deny the motion." In that case, as here, the son had attained the age of 18 years, whereas the age of majority in New York was 21 years. In the instant case the son's earnings are some $40.00 a week.

In Blue v. Blue, 152 Neb. 82, 40 N.W. 2d 268, wherein was granted modification of the child support obligation of the original decree, upon a showing of the child's self-sufficiency, the court said:

"Certainly this presents a change of circumstances of the parties since the decree, and one which justifies a modification of and relief from the obligation to provide further support and maintenance. It ought not be said that a parent in modest circumstances with a modest income should be required to continue to contribute to the support of a minor child who has become completely independent and self-supporting."

An application for modification of a decree awarding child support, upon the ground of a material permanent change in the circumstances of the parties since the entry of the decree, is addressed to the sound judicial discretion of the trial court. I.C. § 32–705; I.C. § 32–706; Ashton v. Ashton, 59 Idaho 408, 83 P.2d 991. In

Finnegan v. Finnegan, 76 Idaho 500, 505, 285 P.2d 488, 492, we find a cogent statement of such rule as follows:

> "Allowance of alimony or support money is in the discretion of the trial court and after consideration of the circumstances of the parties, only when there is a manifest abuse of discretion will the determination of the trial court be interfered with on appeal. Sec. 32–706, I.C.; Malone v. Malone, 64 Idaho 252, 130 P.2d 674; Smiley v. Smiley, 46 Idaho 588, 269 P. 589."

This Court has consistently held that where the findings of the trial court are supported by substantial competent evidence they will not be disturbed on appeal. Crenshaw v. Crenshaw, 68 Idaho 470, 199 P.2d 264; Watkins v. Watkins, 76 Idaho 316, 281 P.2d 1057; Warner v. Warner, 77 Idaho 164, 290 P.2d 212; Shellhorn v. Shellhorn, 80 Idaho 79, 326 P.2d 64; Daniels v. Daniels, 81 Idaho 12, 336 P.2d 112.

■ Suffice it to say that the evidence in regard to the age, health and self-sufficiency of the son of the parties, and as regards defendant's physical condition and his earnings, is competent and substantial, and sufficient to sustain the trial court's order of modification.

■ Plaintiff contends further, that defendant cannot seek or be granted relief so long as he is in contempt of court. She bases her contention on the fact that, at the time defendant made application for the modification, he was somewhat delinquent in his support payments required to be made under the original decree.

The contempt statute, I.C. § 7–604, reads:

> "When the contempt is not committed in the immediate view and presence of the court or judge, a warrant of attachment may be issued to bring the person charged to answer, or, without a previous arrest, a warrant of commitment may, upon notice, or upon an order to show cause, be granted; and no warrant of commitment can be issued without such previous attachment to answer, or such notice or order to show cause."

Plaintiff took no steps under this statute to have defendant adjudged in contempt. Plaintiff's mere allegation, that defendant is presently in contempt and should be punished accordingly, cannot be substituted for the procedural requisites of the statute. Nevertheless the trial judge, in the order of modification adjudging that defendant should continue the support payments until November 24, 1961 when the child shall have attained the age of 18 years, further specifically adjudged that defendant "shall be responsible for all delinquent child support payments." The court thus, in effect, gave judgment in favor of plaintiff for the delinquent payments, which renders

moot such issue which plaintiff argues. Moreover, decision regarding the contempt of defendant was for the trial court. Further, since plaintiff's aforesaid allegation cannot be substituted for a contempt proceeding, the issue of contempt was not before the trial court. The issue of defendant's contempt was an issue to be decided in *contempt proceedings*. Application of Martin, 76 Idaho 179, 279 P.2d 873, 53 A.L.R. 2d 582; Wright v. Wright, 76 Idaho 393, 283 P.2d 1101. Plaintiff's contention in the premises is without merit.

The judgment of the district court in the matter of Appeal No. 9145 is affirmed. No costs allowed.

█ We now approach Appeal No. 9146, an appeal from the order of the trial court denying plaintiff's motion for allowance of costs and attorney fees. Plaintiff has assigned error of the trial court in failing to order payment by defendant of such sums to plaintiff, on Appeal No. 9145.

"A divorce action is still pending within the meaning of the statute [I.C., § 32–704], when the motion is made to modify the decree respecting the care and custody of children, and the court has authority to allow wife's attorney fees in the contest." Richardson v. Richardson, 72 Idaho 19, 236 P.2d 718.

"When, in a divorce case, the wife has incurred liabilities for attorney fees and other expenses of the suit, the trial court may, in its discretion, * * * at any time while the action is pending, upon proper showing being made, order the husband to advance the money to pay them." Taylor v. Taylor, 33 Idaho 445, 196 P. 211. See also Roby v. Roby, 9 Idaho 371, 74 P. 957; Galbraith v. Galbraith, 38 Idaho 15, 219 P. 1059; Gifford v. Gifford, 50 Idaho 517, 297 P. 1100; Wenzel v. Wenzel, 76 Idaho 7, 276 P.2d 485; Wright v. Wright, 76 Idaho 393, 283 P.2d 1101; Daniels v. Daniels, 81 Idaho 12, 336 P.2d 112.

Plaintiff defended against defendant's motion to modify the original decree of divorce. She defended on behalf and in the interest of the child, and not herself, inasmuch as the modification sought directly involved defendant's obligation under the original decree to continue payments of child support. Moreover at the time of application for modification the child was still plaintiff's adjudged dependent. Further, defendant was the moving party.

Under all the attendant circumstances we are constrained to the view that the trial court erred in failing to grant plaintiff's motion for allowance of costs and reasonable attorney fees on appeal.

In the matter of Appeal No. 9146, the order denying costs and attorney fees to plaintiff on appeal is reversed and the cause is remanded with instructions to determine

and allow reasonable sums therefor to be paid by defendant to plaintiff, and to enter an order accordingly.

KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.