Justice E ISM ANN,
concurring in the result.
The right to liberty includes the fundamental right of parents to direct the upbringing and education of children under their control. Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925). The Fourteenth Amendment to the Constitution of the United States provides that no state shall “deprive any person of ... liberty ... without due process of law.” It recognizes that the right of liberty is not absolute. A state can deprive someone of liberty with due process of law.
Idaho Code section 32-717(3) only applies to divorce actions. In re Doe, 148 Idaho 432, 440, 224 P.3d 499, 507 (2009). Janice Ausburn intervened in the divorce action,[2] which was consolidated with the separate action that she filed. Therefore, the statute applies here. It does not grant or diminish any constitutional right. It simply permits the trial court to recognize a grandparent’s standing when evaluating custody arrangements when the child is actually residing with that grandparent in a stable relationship.
A parent’s right to direct the upbringing and education of children under the parent’s control is not absolute. For example, a parent can lose all rights with respect to a child because of the parent’s conduct in abusing, neglecting, or abandoning the child.
In Stockwell v. Stockwell, 116 Idaho 297, 775 P.2d 611 (1989), we stated:
In custody disputes between a “non-parent” (i.e., an individual who is neither legal nor natural parent) and a natural parent, Idaho courts apply a presumption that a natural parent should have custody as opposed to other lineal or collateral relatives or interested parties. This presumption operates to preclude consideration of the best interests of the child unless the non-parent demonstrates either that the natural parent has abandoned the child, that the natural parent is unfit or that the child has been in the nonparent’s custody for an appreciable period of time.
116 Idaho at 299, 775 P.2d at 613.
After the divorce in Elmore County, Idaho, in September 2000, Charles chose to move to Houston, Texas, and he thereafter did not participate in the rearing of his children. As a result of his failure to assume parental responsibilities, Janice did so. As the magistrate judge found, “For most of their lives Janice has raised and nurtured the boys without physical assistance from either of their parents.” That finding is not challenged on appeal. As a result of Charles’ conduct, the magistrate judge had the authority to award shared physical custody of the children to Janice if doing so was in their best interests. The magistrate judge found *889 that it is “in the best interest of the boys that Charles and Janice share physical custody,” and that finding is not challenged on appeal.
There is nothing in Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), that impacts this ease because of the differences between the Washington statute and Idaho’s statutory law and case law. Therefore, I agree to affirm the judgment of the district court, which affirmed the order of the magistrate court.

. Because provisions of a divorce decree regarding the care and custody of children can be modified, a divorce action is still pending, even though the divorce had been granted, until the children reach their majority. Gifford v. Gifford, 50 Idaho 517, 520, 297 P. 1100, 1101 (1931).